### P. H. BRINTON, Syndic, v. MADAME JEAN DATAS.

A judicial sale of a lease imposes upon the purchaser the obligation of paying the price to the vendor, and that of paying the rent, accruing after the sale, to the lessor, according to the terms of the lease; and this whether it is so announced in the advertisement or not.

APPEAL from the Third District Court of New Orleans, *Duvigneaud, J.* R. & H. Marr for plaintiff. E. Filleul for defendant and appellant.

HOWELL, J. Plaintiff, as syndic, claims from defendant the rent due under the stipulations of a lease, the unexpired term of which was purchased by the latter, at the sale of the insolvent's effects. The defence is that the price paid was for the occupancy of the premises during the term of the lease yet to run, and not as a provision for the lease. This defence is inconsistent with the doctrine maintained in the cases of *Bartels et al.* v. *Their Creditors*, 11 A. 432, and *D'Aquin et al.* v. *Armant*, 14 A. 217; in which it was held that the "bid for the lease, in such a case, is a premium which the bidder is willing to give for the transfer of the lease to himself, with all the obligations, as well as all the rights thereto attached, from the moment of the adjudication;" and this, whether it be so announced in the advertisement or not. *It is the legal effect of the adjudication.*

It is not contended that defendant's liability to the syndic, who has paid the rent out of the funds of the insolvent estate, is different from that to the lessor.

Judgment is affirmed, with costs.