No. 9427.

A. LEHMAN & CO. VS. JOSEPH DREYFUS.

37 587
48 948

The bid for a lease is merely a premium over and above the rental. The purchase of the lease superinduces the obligation on the part of the buyer to pay the rents for the remainder of the term.

Where the rents have been paid out of the assets of an insolvent or failing debtor, he or his creditors are subrogated to the rights of the lessor, and those creditors can successfully proceed by garnishment against the purchaser of the lease for the rental due subsequent to his purchase.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

---

*Percy Roberts* and *E. T. Florance* for Plaintiffs and Appellants:

1. The purchaser of a lease at judicial sale assumes as part of the price the payment of the rent for the unexpired term. 11 Ann. 433; 14 Ann. 218; 17 Ann. 174; 12 Ann. 524; 32 Ann. 371.

2. The purchase of a "lease and right of occupation" is the purchase of a "lease" 14 Ann, 218.

3. Where the original debtor has been compelled to pay a debt assumed by another, such original debtor is subrogated to the creditors right against such assumer of the debt. 32 Ann. 502; 6 La. 479, 475; 15 Ann. 381; 7 Vesey 333; 12 Cushing 228; 7 Cushing 132.

4. The proceeds of seized property belong to the owner of such property until paid to the seizing creditors, and debts paid therefrom are paid with the debtor's money. 7 Rob. 87; 11 Rob. 182; 3 Ann. 436; 4 N. S. 317; 32 Ann. 354; C. C. 3228, 2709.

5. Such a debt due to debtor can be garnished, C. P. 246, 264.

*Jos. Maille* for the Garnishees and Appellees:

JURISDICTION.

The Supreme Court has only appellate jurisdiction, which it exercises in all cases where the object in dispute exceeds the sum of two thousand dollars. C. P. 874; Acts of 1884,

The amount claimed by the plaintiffs in their brief is $1,373 35.

The jurisdiction of the Court depends upon the amount claimed, and not that for which judgment was rendered. 23 Ann. 34, Daigle vs. Lirette; 25 Ann. 566, Sandell vs. Douglass.

It is not the amount of the judgment, but the amount in contestation which gives jurisdiction to the Supreme Court. 21 Ann. 366, Maxen & Shearer vs. Landreau.

The Supreme Court is without jurisdiction in a possessory action, when the amount of rent claimed does not exceed the appealable amount, and it does not appear that the value of the possession exceeds the appealable amount. 22 Ann. 272, Slawson vs. Meggett.

When the amount in dispute is less than the appealable amount, the court will *ex officio* notice this fact. 19 Ann, 276, Boutte vs. Maillard; 22 Ann. 400; 24 Ann. 94.

When the amount garnisheed is less than the appealable amount, the Supreme Court is without jurisdiction, on any question between the garnishee and plaintiff. 27 A. N. R. Harrison vs. Carondelet St. and Carrolton R. R. Co.

The Supreme Court cannot entertain jurisdiction of cases, ٭ * * if the matter in dispute does not exceed the appealable amount. 21 Ann. 296; 20 Ann. 533, 567.

The opinion of the Court was delivered by

MANNING, J. The plaintiffs proceeded by attachment against the defendant and made Spor a garnishee.

Dreyfus occupied the building No. 33 Tchoupitoulas street under a lease.    Under proceedings in the U. S. court his lease and right of occupancy was sold by the Marshall and Spor bought it for $250.    In the same court the lessor of the building obtained payment out of Dreyfus' assets of the whole of the rent due and to become due till the close of the term.

The garnishment of Spor is based on the principle that the sum he paid for the lease was merely a premium over and above the rental, and that his purchase or the lease superinduced of necessity the obligation to pay the rents for the remainder of the term.    This principle was asserted in Bartels v. Creditors, 11 Ann. 432 and was reaffirmed in D'Aquin v. Armant, 14 Ann. 217.

As Dreyfus paid the rent or it was paid out of his assets, he was subrogated by operation of law to the rights of the lessor and his creditors can exercise his rights thereto.

As Spor's purchase of the lease burdened him with the obligation to pay the rents, he owes them to Dreyfus and his debt is subject to garnishment by Dreyfus' creditors.

A state of facts nearly alike to these is presented in the unreported case of Bach v. Cottingham, Opinion book 26, p. 332, which is a sequel to Hayden v. Shiff, 12 Ann. 524.

Cottingham was lessee of the Shiffs and had failed and absconded. In the proceedings against him and his property the lease was bought by Hayden, and in the distribution of his assets the Shiffs were paid the full rent out of them.    But the building burnt pending the lease, and Hayden as purchaser of the lease sued the Shiffs for the rent subsequent to the burning.    The court held that Hayden could not recover. He had bought the lease with all its obligation, but the rental had been paid out of Cottingham's assets, and the Shiffs therefore owed it to Cottingham or to his creditors.    Whereupon Bach, a creditor of Cottingham, took process of garnishment against the Shiffs and recovered the money.

So in the case at bar the rent having been paid out of Dreyfus' assets, the plaintiffs are entitled to recover it from Spor who owes it to Dreyfus' estate.

The judgment below is error.

It is therefore ordered and decreed that the judgment of the lower court is reversed, and that the plaintiffs have judgment against J. G. Spor the garnishee for thirteen hundred and seventy three .35-100 dollars with legal interest from service of the process of garnishment and the costs of both courts.

Rehearing refused.