The! opinion of the court was delivered by
Miller, J.
This controversy is before us on the appeals of the syndic and of creditors of the insolvents from the judgment of the lower court on the opposition to the syndic’s account.
The property surrendered mainly consisted of the insolvent’s stock of goods, in leased premises, the leases having long periods to run, and the rents to become due under these leases exceeding the value of the stock. At the sale ordered by the court the lessors became the purchasers of the stock, retaining the amount of their bid on a'ccoünt of the rent due and to become due. Crediting these purchases there remained the liability for the unexpired portions of the *947 lease; to Briede, one of the lessors, nine hundred and twenty-six dollars, and to the other lessor ten hundred and fifteen dollars. The leases stipulated that any default by the lessors should mature the amount of the rent’ for the full term, and this was doubtless, the reason the syndic permitted the lessors .to retain the proceeds of sale instead of receiving from the syndic the monthly rent as it became due. In this condition, under the order of the court the syndic offered for sale the right of occupancy of the premises for cash, the purchaser besides to assume the amounts to become due under the leases, that is, nine hundred and twenty-six dollars on the lease from Briede and ten hundred and fifteen dollars on the lease from Ditmar. At the sale, Briede bought the right of occupancy of the store he had leased, for the price of two hundred and ninety dollars, or six dollars and seventy-five cents for the forty-three months the lease had to run, and Ditmar bid one hundred and sixty-four dollars, or three dollars and fifty cents for the same number of months hi3 lease had to run. The syndic then filed his account. His theory seems .to have been that Briede by his bid became the debtor for two hundred and ninety dollars for the right of occupancy, and for the assumption of nine hundred and twenty-six dollars for the unexpired term of the lease, and that Ditmar became debtor for one hundred and sixty-four dollars for the right of occupancy and one thousand and fifteen dollars for the assumption of the rent for the unexpired portion of his lease. These so-called assumptions, it will be perceived, were of amounts which, if they became due, would have been demandable by the lessors, the purchasers. By charging the lessors with the proceeds of the property bought by them, and with the amount of their bids, and by credits for the rents, the syndic placed Briede on the tableau as a debtor for six hundred and thirty-two dollars, and Ditmar as a debtor for one thousand one hundred and seventy-nine dollars. This .brought oppositions from both, in effect insisting they could not be charged with the assumption of rent accruing to themselves, and maintaining all they owed was the bids for the right of occupancy. There was an opposition from creditors, claiming that the purchase of the right of occupancy by each lessor canceled his lease, and hence that the amounts derived from the sale of the stock in the leased premises and retained by the lessors should be placed on the tableau for distribution. The judgment of the lower court main- *948 tamed the oppositions of the purchasers to charging them with liability for the assumption of rent, dismissed the opposition of the creditors, asserting that the proceeds returned by the lessors should be taken from them and distributed to the creditors, and directed some unimportant modifications in the account, and the controversy is, as already stated, here on the appeals of the creditors and syndic.
The leading proposition discussed is the effect of the purchase by the lessors of the right of occupancy of the leased premises. It will be readily understood that by the purchase of a lease by the lessor, he becomes lessor and lessee, and as he can not owe rent to himself, confusion takes place and the lease is extinguished. If the lessors in this case had bought the lease they could not have demanded rent from the syndic for the unexpired terms. Civil Code, Arts. 2217 et seq.; Bartels vs. Creditors, 11 An. 433. In this last case the lessor, ¡manifestly contemplating no such result as losing his rent of the premises leased to the insolvent, made an unqualified bid for the lease offered by the syndic for sale. The court held the purchase forfeited all claim of the lessor against the syndic of his lease for rent for the unexpired term, and the lessor owed his bid besides. This hard condition led to the dissent in that case, that the lessor did not lose the rent, because he had not by his purchase expressly assumed that rent. It is clear this decision has no application to this case, in which there has been no purchase of a lease, and no assumption of any rent, except to the extent to be noted further along, exerting no influence on the proposition of the opponents. Here, the purchase was simply and only of the right of occupancy subject to the rent unpaid, nine hundred and twenty-one dollars and one thousand and fifteen dollars. The Bartels case has been followed by other decisions, and these as well as other cases exhibiting phases of the question have had our attention. Thus it has been held that the lease is canceled when the premises are subsequently destroyed, or when by the act of the lessor the lessee is deprived of possession, and the effect of the purchase of the lease by the lessor has been considered and the same conclusion reached as in the earlier cases of Young and Bartels. Brinton vs. Bates, 17 An. 174; Lehman vs. Dreyfus, 37 An. 587; Schwartz vs. Saiter, 40 An. 267. But it seems to us that none of these decisions support the contention of the opponent, that the lessors by their purchase of the right of *949 occupancy, subject only to unpaid rent, forfeited their right to rent practically paid to them, recognized by the account filed and impliedly by the order and advertisement under which the lessors bought and by which their obligations are to be measured. The difference between buying a lease and purchasing the right of occupancy merely was drawn in Walker and McVean vs. Dohan, 39 An. 743. We find no warrant to hold that the purchase of the privilege of occupancy offered, with no reference to liability under the lease, imports any obligation on the part of the purchaser except to pay his bid. In this case this view finds additional support in the order of sale, the advertisement and the circumstances under which the right of occupancy was offered. The rent for the full term of the leases, except the residue of one thousand and fifteen dollars and nine hundred and twenty-six dollars, had been provided for the sale of the stock subject to the lessors’ privilege, the proceeds retained by the lessors and carried on the account as applied on the rent. The right of occupancy, subject only to the remnant of rent to become due, was an asset of the insolvency. That asset it was proposed to realize. Hence, the petition, the order and advertisement for the sale of the right of occupancy for cash, free from all claims except the unpaid rent. The fair import of these terms was that the syndic offered the right subject to the encumbrance stated. If the lessors bought, they assumed or bought subject to the rent due themselves. If a third person bought., it was subject to the lessor’s unpaid rent, to be paid them when it became due. Nothing was to come to the syndic except the bid for the right of occupancy. Neither under the law without the terms, or under the terms, is there the basis to' hold the purchasers bound to restore the proceeds applied to pay the rent, and in view of the well-defined terms constituting their contract, to hold them liable for more than two hundred and nineiyfour dollars bid by one, and one hundred and sixty-four dollars bid by the other would be simply to create an obligation not arising under the law, never contemplated or resting on any consent express or implied. The opposition of the creditors seeking to charge the purchasers with the proceeds of sale of the stock was therefore properly sustained.
Undoubtedly, the purchase subject to their own claim for unpaid rent canceled that demand. That effect was wrought both by the *950 law under the principle of the Bartels case and the express assumption, an element lacking in that case. Bartels vs. Creditors, 11 An. 436. After that purchase the syndic owed them nothing; they had been paid, except for the residue unsatisfied, but that was canceled by their purchase. Nor did they owe anything under their bid, except the amounts bid for the right of occupancy. We can therefore find no basis for the charge against them in the account of the unpaid rent due to themselves. Buying subject to their own claim for rent did not make them debtors to the syndic for the rent. The opposition to being charged in the account with amounts due themselves was properly sustained.
We have stated our conclusions; the lessors owe to the syndic the amounts bid for the right of occupancy, that is, two hundred and ninety dollars and one hundred and sixty-four dollars. With this modification charging them with these amounts the judgment of the lower court, which includes the direction for a new account on the lines of the decision of the lower court and of this opinion, is affirmed.