MRS. CARRIE MAHAN, WIDOW OF JOHN C. SMITH, Appellant, v. JULIAN L. LAFAYE.

(January 4, 1926.   Opinion and Decree.)
(January 18, 1926.   Rehearing Refused.)
(March 1, 1926.   Writ of Certiorari and Review Denied by Supreme Court.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Landlord and Tenant—Par. 78, 88.**

Where a lessor terminates his tenant's right of occupancy by rule to vacate and subsequently sues for all rent which could have accrued under the entire term of the lease, the tenant is only liable for such rent as is due at date of dispossession. The dissolution of the lease by rule to vacate deprives lessor of right to hold lessee for rent which could have subsequently accrued.

Appeal from First City Court, City of New Orleans, Section "A", Hon. W. Alexander Bahns, Judge.

This is a suit for rent and possession of the leased premises. There was judgment for plaintiff for the rent which had accrued up to the day that the lessee vacated the premises. Plaintiff appealed. Judgment affirmed.

Theo. Cotonio of New Orleans, attorney for plaintiff, appellant.

J. J. Lafaye and R. W. Lafaye of New Orleans, attorneys for defendant, appellee.

BELL, J.   Plaintiff, as lessor under a written lease for the term of one year at $40.00 per month, obtained possession of his premises by rule to vacate taken against his lessee and brought one month prior to the expiration of the lease. The lessee acquiesced in the proceeding by removing from the premises after five days service of the rule to vacate. He was then in arrears to the extent of $155.50, representing unpaid rent due up to the first day of the last month for which the lease was to run. Plaintiff subsequently sued the lessee, making him and his surety parties defendant in this suit now brought for the recovery of the above amount, and also for $40.00 as rent yet to accrue under the last month of the lease. The total amount claimed was therefore $195.50. Defendant answered by pleading a general denial. There was judgment in plaintiff's favor for all rent which had accrued up to the day upon which the lessee had vacated the premises; rent claimed subsequently thereto was denied. Plaintiff appeals.

We find the judgment to be correct.

In Sigur vs. Lloyd, 1 Ann. 421, the lessor sued for dissolution of a lease, alleging that it had been breached for nonpayment of rent. In the same action he prayed for a recovery in the District Court of all unpaid rent, consisting of that rent which had accrued at the date of suit as well as that which was yet to accrue under the written lease. The rent—as in the instant case—was payable monthly in advance. The Supreme Court, rejecting the claim for unaccrued rent, held, in part, as follows:

"Here the lessee failed to pay the rent, which was one of his engagements, and by this breach an implied resolutory condition of the contract took effect, of which the lessor, by this suit, has availed himself, and in which the lessee acquiesces. The lease being thus dissolved, the covenant of the lessee for future rent has also ceased to exist. The rent was to be the compensation for the occupation of the property under the contract. The contract has been annulled, and the possession taken from the tenant by the decree. The defendant could not have taken advantage of his own default to annul the lease; but the injured party could, and

he has availed himself of it. The dissolution is the result of his own voluntary option."

A like ruling was made in Fox, et al., vs. McKee, 31 La. Ann. 67, where it was said:

"In our opinion, plaintiffs are entitled to a judgment against defendants, dissolving the two leases and condemning said defendant to pay them for rents—but only whilst the relation of lessors and lessee continued between them, that is, until the 16th day of March, 1878, when the leases were dissolved." See also Walls vs. Collins and Truxillo, 18 Ann. 471.

It is contended in the present case, however, that at the time defendant acquiesced in the rule to vacate, all of the rent was due and exigible under the terms of the lease, the defendant then being in arrears for several months' rent. The evidence shows that plaintiff allowed defendant to become in arrears on several occasions, in one instance for as much as three months' rent. Under such conditions, he must be held to have waived the above noted stipulation in the lease. Briede vs. Babst, 131 La. 159, 59 South. 106; Bonnabel vs. Metairie Cypress Co., 129 La. 929, 57 South. 271; Brewing Co. vs. Anderson, 121 La. 935, 46 South. 926; 3 Ct. App. 324; 7 Ct. App. 424.

For the foregoing reasons, the judgment appealed from is affirmed. Cost of appeal to be borne by appellant.