CASTAGNA, Appellant, v. MARSHALL

(January 4, 1926, Opinion and Decree)
(February 15, 1926. Rehearing Refused)
(March 30, 1926. Writ of Certiorari and Review Denied by the Supreme Court.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Landlord and Tenant Par. 43, 44.**

Where the lessor notifies the lessee to vacate for non-payment of rent under Act 49 of 1918 and the lessee complies with the notice and surrenders possession of the property to the lessor, the lease is thereby dissolved and the lessor cannot recover rent beyond the period of possession by the lease.

Appeal from the Civil District Court, Division "F". Hon. Percy Saint, Judge.

Action by Frank Castagna against John B. Marshall for rent. There was judgment for plaintiff for part of rent claimed and plaintiff appealed.

Judgment amended and affirmed.

Theo. Cotonio, of New Orleans, attorney for plaintiff, appellant.

Ulic J. Burke and Jules A. Grasser and W. O. Hart, of New Orleans, attorneys for defendant, appellee.

OPINION

CLAIBORNE, J. This is a suit for rent.

On November 14, 1922, the plaintiff filed this suit under No. 144,634 District Court.

He alleged that he had leased to the defendant the property 243-245 Broadway for

a term of twelve months commencing October 1, 1922, and ending September 30, 1923, for the price of fifty dollars per month, payable in advance for which the defendant Marshall gave twelve notes each for $50 with 8% per annum interest from maturity till paid; that it was stipulated in said lease that should the lessee at any time fail to pay rent punctually at maturity, the rent for the whole unexpired term should, without putting said lessee in default, at once become due and exigible, and in case of suit, that said lessee should pay as counsel fees an additional sum of ten per cent of the amount so due and exigible; that the rent note maturing November 1, 1922, is due and unpaid, and "that by the terms of said lease, the other said rent notes falling due monthly on the first of each month have become due and exigible, and that there is therefore due to petitioner the full sum of $550 besides interest and attorney's fees". The plaintiff prayed for provisional seizure and for judgment for $550 with interest and attorney's fees.

The defendant admitted the lease, but denied the note sued on was unpaid. He further alleged that on November 12th he gave Theodore Cotonio, the attorney for the plaintiff a check for the month of November when it was distinctly understood that the check would be collected or presented at the bank on Wednesday the 15th of November, your defendant telling Cotonio at the time that he would make a deposit on the 15th of the month; that Cotonio accepted said (check) in payment for the rent, and agreed to present check on the 15th; that the money to pay said check is in bank according to the understanding; that said Cotonio has said check given him in payment of the rent note, and he denied accordingly that all the notes were due, and he prayed for the dismissal of the suit.

Subsequently to the filing of this suit for rent the plaintiff on November 25th notified the defendant to vacate the property "because of the non-payment of rent". The defendant failing to comply with the notice to vacate, the plaintiff on December 4, 1922, filed suit against him under No. 144,873 District Court according to Section 2155-2165 of the Revised Statutes as amended by Act 49 of 1918, praying for a rule to show cause why judgment should not be rendered in favor of the plaintiff condemning the said defendant Marshall to vacate the premises leased and to deliver possession of the same to the plaintiff.

To this rule defendant Marshall answered that on December 7th, averring that he had "moved from said premises some days ago".

No further proceedings were had in the ejectment suit.

On February 21, 1923, the defendant filed an amended answer to the suit for rent in which he recited the suit for ejectment above mentioned and alleged plaintiff's possession of the property since December 7, 1922, and he prayed for dismissal of the suit.

On March 29th there was judgment in favor of plaintiff for fifty dollars with attorney's fees and interest thereon.

After an unsuccessful application for a new trial the plaintiff appealed.

Defendant swears that on November 12th, a Sunday, he gave Theodore Cotonio, attorney for plaintiff, a check dated Monday, November 13th with the understanding that it should not be presented for payment before Wednesday, November 15th, to which Cotonio agreed. Cotonio admitted that on Sunday the 12th, he received from defendant a check dated November 13th; but he denied that he agreed to present it only on the 15th. Cotonio is corroborated by the date of the check and therefore his testimony must prevail over that of defendant Marshall.

The testimony shows that the defendant vacated the property on December 4th and that on December 7th he delivered the keys to the plaintiff who rented the property to other lessees.

The reasons for judgment of the District Court judge were that plaintiff could not recover judgment for rent against the defendant after he had ejected the defendant from the property; that he could not have "both the rent and the occupancy of the property rented". We agree with the conclusions of the judge.

In the case of Carrie Mahan vs. Lafaye, 3 La. App. 445, this court said:

"Where a lessor terminates his tenant's right of occupancy by rule to vacate and subsequently sues for all rents which could have accrued under the entire term of the lease, the tenant is only liable for such rent as is due at date of dispossession. The dissolution of the lease by rule to vacate deprives the lessor of the right to hold lessee for rent which could have subsequently accrued."

We adhere to that opinion.

But counsel for plaintiff argues that there are two differences between this case and the Lafaye case decided by us.

1st    That in the Lafaye case the suit for rent was filed after the suit to vacate, while in the present case the suit for rent was filed first and the suit to vacate afterwards. We see no merit in the argument. It is a distinction without a difference. The reason of our opinion is that of the district judge, that the lessor cannot have the property and the rent also; that the consideration of the rent is the actual occupancy or right of occupancy of the lessee which is taken away from him by the judgment of ejectment.

2nd    That in the two cases quoted above by us in the Lafaye case, Sigur vs. Lloyd, 1 La. Ann. 421; and Fox vs. McKee, 31 La. Ann. 67, the lessee had been ejected after a regular suit to annul the lease under Article C. C., 2712, 2729, while in this case the lessee was ejected after summary proceedings under the Sections of the Revised Statutes which provide only for a method of dispossessing the lessee and turning over the possession of the leased premises to the lessor under certain conditions.

We see no merit in the distinction. Under our view of the Revised Statutes a judgment of ejectment for any of the reasons mentioned in the statute not only reinstates the lessor to the possession of the leased premises but puts an end to the relations of landlord and tenant. The law provides that when any lessor "shall be desirous of obtaining possession of the leased premises upon the termination of the lease either by limitation or by non-payment of the rent when due, or any other breach of the said lease, he shall demand, etc."

Article 1760 of the Code Napoleon reads as follows:

"In case of dissolution by the fault of the lessee, he is bound to pay the price of the lease during the time necessary for releasing without prejudice to the damages which may have resulted from the abuse."

This Article has been eliminated in compiling our Code. Is not that an indication that the framers of our Code did not adopt that theory of the lessee's liability?

Even then, the liability is not for all the time the property remains vacant but only for such time as is necessary to lease 4 Dalloz, p. 435 No. 4.

The only article of our Code which makes the lessee liable for rent "until the property is again leased out" is Article

2711 in case the lessee "makes another use of the thing than that for which it was intended, and if any loss is thereby sustained by the lessor", which is not the case here.

But we think the plaintiff is entitled in addition to rent up to December 7, 1922, say $11.70.

It is therefore ordered that the judgment herein be increased from Fifty dollars to Sixty-one 70-100 dollars and as thus amended that the judgment be affirmed and that defendant pay the costs of appeal.