### BURGLASS v. VILLERE
(LOYACANO, Intervener)

———

(December 16, 1929. Opinion and Decree.)
(January 13, 1930. Rehearing Refused.)
(March 11, 1930. Writ of Certiorari and Review Granted by Supreme Court.)
(June 4, 1930. Opinion and Decree by Supreme Court.)

———

Edward Rightor, Edwin J. Prinz, and Solomon S. Goldman, of New Orleans, attorneys for plaintiff, appellant.

Prowell, McBride & Ray and Welton P. Mouton, of New Orleans, attorneys for defendant, appellee and intervener, Loyacano.

JANVIER, J. The facts of this case are not in dispute, but at first glance they appear so complicated that, in order to understand the legal question presented, a full statement of them is necessary. Anthony P. Loyacano, the landlord, on March 6, 1923, sued Mrs. Septime Villere, his tenant, and Ellis Headly, her surety, for $3,360 and attorney's fees, etc., alleging that she had failed to pay two rent notes totaling $320, and that therefore rent for the whole unexpired term of 21 months was due.

Judgment in solido was rendered against both defendants, and Loyacano seized the movable effects in the premises. The seized property was sold and the net proceeds applied on account of the writ of fieri facias. It is very important to note at this point that Loyacano did not seize, nor did the sheriff sell, the tenant's right of occupancy for the unexpired term of the lease.

Abraham Burglass, a furniture dealer, had in the meantime, to-wit, on March 19, 1923, sued Mrs. Villere for $1,667, the unpaid portion of the purchase price of certain furniture. He obtained a judgment, and under a writ of fieri facias seized the right of occupancy to which we have heretofore referred.

Thereupon Loyacano brought another suit against Mrs. Villere, his tenant, and against Burglass, the creditor of Mrs. Villere, who had seized the unexpired term of the lease, and in this suit Loyacano asked that defendants be ordered to show cause why the lease of Mrs. Villere should not be canceled.

Burglass excepted to Loyacano's petition, alleging inconsistency, no cause of action and estoppel; the estoppel being based on Loyacano's prior action in bringing suit against his tenant for the total amount of rent for the unexpired term of the lease. Loyacano then, by intervention in the suit of Burglass v. Mrs. Villere, asked that the execution of the judgment, in so far as the attempt to sell the unexpired term of the lease was concerned, be enjoined. He obtained an ex parte order for a preliminary injunction, and furnished bond in the sum of $250, on which Mr. Jones T. Prowell was surety.

In answer to this petition of intervention, Burglass claimed by reconvention, attorney's fees at $150 and statutory damages of 20 per cent on the amount of his judgment, with 8 per cent interest from the date of the injunction, and of course asked for a dissolution of the injunction restraining the execution of his judgment.

As a result of this injunction, no further proceedings were taken in the attempt to sell the unexpired term of the lease.

In due course the suit of Loyacano against Mrs. Villere and Burglass for the cancellation and annulment of the lease came on for trial, and judgment was rendered dismissing Loyacano's suit. On appeal to this court, that judgment was affirmed, and the Supreme Court, on April 26, 1927, refused to grant a writ of certiorari. Loyacano v. Villere & Burglass, 6 La. App. 37. In the meantime, of course, the term of the lease had expired, and therefore there was no unexpired term which could be sold under execution, and the matter now comes before us on appeal from the injunction proceeding, because, when that case came up for trial in the court below, in conformity with the decree of this court, in the former suit, the preliminary injunction was recalled and the intervention dismissed; the effect being that, had there been any unexpired term, Burglass would have been entitled to proceed with the execution of his judgment by selling that unexpired term.

At the time of the filing of the intervention in the suit of Burglass v. Villere, in which intervention the injunction was prayed for, of course no actual damage had been sustained by Burglass, except that he was required to employ an attorney. From month to month, however, as the preliminary injunction remained in effect, Burglass was damaged, in that the property which he had under seizure, to-wit, the unexpired term of the lease, was becoming less valuable as it approached its end, with the final result that when the end of the lease arrived, the property under seizure, namely, the unexpired term, no longer had any value. Since, at the time of the filing of the injunction proceeding, no

actual damage had been sustained, Burglass contends that he could not, in answer to that injunction proceeding and in reconvention pray for a judgment for actual damages, but was compelled to content himself at that time with claiming statutory damages of 20 per cent, interest at 8 per cent, and his attorney's fees, as provided by article 304 of the Code of Practice. On December 27, 1927, which was eight months and one day after the final termination of the suit for the cancellation of the unexpired term of the lease, but more than a year from the termination of the lease in question, Burglass prayed, by supplemental answer and reconventional demand in the injunction suit:

" * * * That there be judgment herein as prayed for in respondent's original answer and that there be further judgment in reconvention in favor of Abraham Burglass, respondent, and against Intervenor, Anthony P. Loyacano and the surety on his injunction bond, Jones T. Prowell, jointly and severally, in the sum of $1,667.00, etc."

On March 29, 1928, the injunction proceeding was tried, and on that day Loyacano filed a plea of prescription. Judgment was thereupon rendered dissolving the writ of injunction, but sustaining the plea of prescription to Burglass' claim in reconvention, and awarding him no damages for improper issuance of the injunction.

We do not see that anything prevented the filing by Burglass of his claim for damages as soon as those damages were sustained. True, the damages were sustained only from month to month, as the unexpired term of the lease became less and less valuable, but when, under its terms, the lease had entirely expired, the full damage had been sustained, and we

think that it was then that the prescriptive period commenced to run. Harvey v. Pflug, 37 La. Ann. 906, is not in point, because, in the case at bar, there was no judicial inhibition against the filing by plaintiff of his full claim.

Burglass, long prior to the accrual of prescription, filed his reconventional demand, and in it prayed for his attorney's fees and for statutory damages. Since, at the time the lease expired, the injunction suit had not been tried, there was nothing to prevent Burglass from asserting, by supplemental answer, the additional damage which he did later on assert, and, since he might have filed his claim long prior to the time at which he actually did file it, and long prior to the cancellation suit, we see no reason why his failure to do ·so should not operate against him.

More than a year elapsed after the whole damage was sustained before he asserted his right, and since, so far as the principal on the injunction bond is concerned, such a claim is prescribed by one year, it being an action arising under Civ. Code, art. 2315, it is now prescribed except for those parts of the claim which were asserted within the year, to-wit, the attorney's fees, the statutory penalty, to which we have referred, and the interest.

As to these items, it is evident that, by the action of Loyacano, Burglass has sustained substantial damage, and, to refuse on technical grounds to grant him such redress as is within our power, does not appear to us to be the equitable solution of the difficulty.

This seems to be a case in which the discretion which is allowed us in imposing a penalty should be exercised in an attempt to right, as far as possible, the wrong which has been done, regardless of the existence, vel non, of bona fides in him who caused the wrong.

We are of the opinion that the prescription, to which we have referred, is not applicable to the claim against the surety on the injunction bond, because that claim arises, not ex delicto, but ex contractu. Howell v. Cronin, 31 La. Ann. 247. Nevertheless, since the limit of the surety's liability is fixed in the bond at $250, and since the judgment to which we believe Burglass is entitled exceeds that sum, we see no necessity for going further into a consideration of whether or not a surety might be liable where the claim against the principal is prescribed.

One hundred and fifty dollars is a very reasonable amount of compensate the at-. torney, in view of the difficult legal questions presented, the amount involved, and the arduous and long drawn out labors which were performed.

The money judgment involved was $1,-667, and we therefore feel that, in addition to atttorney's fees, Burglass should recover 20 per cent of this sum, or $333.40.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there now be judgment in favor of Abraham Burglass and against Anthony P. Loyacano and Jones T. Prowell, jointly, severally, and in solido, up to the sum of $250, and additionally against Anthony P. Loyacano in the further sum of $233.40, with 8 per cent interest on $333.40 from June 16, 1923, until paid.

HIGGINS, J., takes no part.