O’NIELL, Chief Justice.
 

 This is a contest between a landlord and a holder of a chattel mortgage, over the proceeds of the sale of movable property belonging to the lessee, and on the leased premises.
 

 On the 24th of March, 1930, Edward J. Ran-son, owning a tract of land and the buildings thereon, in St. Bernard parish, leased the property to Joseph Voiron, for a dairy, for five years, beginning on the 15th of April, 1930, at $90 per month, the rent being represented by 60 rent notes, for $90 each, signed by Voiron, and payable one each month, with the stipulation that a failure to pay any one note at maturity should make them' all due. The notes were paid.promptly until the 15th of May, 1931; but the note due on that day and those due, respectively, on the 15th of June and July, 1931, were not paid. Ranson, therefore, brought suit against Voiron on the 48 unpaid notes, amounting to $4,320, plus interest and attorneys’ fees. Ranson prayed for and obtained a writ of provisional seizure, and prayed for recognition of the lessor’s lien on the movable property of Voiron on the leased premises, and the sheriff provisionally seized the movable property, consisting of a herd of cattle and other dairy equipment. Ranson obtained a judgment against Voiron for the amount sued for, $4,320, plus interest and attorneys’ fees, and with recognition of the lessor’s lien on the movable property provisionally seized. In due course, Ranson obtained a writ of fi. fa., under which the sheriff seized and advertised for sale the movable property that was provisionally seized, and, quoting from the sheriff’s return, “also all the right, title and interest and right of occupancy of said Joseph Voiron in and to one certain lease dated March 24, 1930,” etc.
 

 W. H. Hodges & Co., Inc., having a chattel mortgage for $3,635.44, plus interest and attorneys’ fees, on the movable property seized and advertised for sale by the sheriff, filed a third opposition, claiming the right to be paid by preference out of the proceeds of the sale to be made by the sheriff.
 

 At the appointed date and hour, the sheriff sold first the movable property on which Hanson’s lien had been recognized by the court’s decree, and on which W. H. Hodges & Co., Inc., had a chattel mortgage. The property was sold to Ranson for $2,775, which was the highest bid, but which was far 'below the amount of Ranson’s lien; and, immediately
 
 *721
 
 afterwards, the sheriff sold Voiron’s lease, or right of occupancy, which also was bought by Ranson, at the highest bid, which was only 8150, and which left yet a balance due on Ranson’s judgment.
 

 W. H. Hodges & Co., Inc., in their original petition, claimed that their chattel mortgage was recorded in time to be of higher rank than Ranson’s lien, as lessor; but it- was found afterwards, and admitted by W. H. Hodges & Co., Inc.,- that Ranson’s lien was of higher rank than the chattel mortgage of W. H. Hodges & Co., Inc. Therefore, after the sheriff’s sale, W. H. Hodges & Co., Inc., filed a supplemental petition, claiming that the debt that had been due to Ranson, together with the lien securing it, on the movable effects seized and sold to Ranson, had been extinguished by confusion, by his buying Voiron’s rights under the lease, and thereby canceling the lease. That was the only remaining issue in the contest between W. H. Hodges & Co., Inc., and Ranson; and it was decided in favor of Ranson. W. H. Hodges & Co., Inc., has appealed from the decision.
 

 It is true that the lease came to an end, by confusion, so to speak, when the lessor bought the lessee’s right of occupancy. Rut the extinguishment of the lease, in that way, did not occur until the lessor had enforced his lien by buying the lessee’s movable property on the leased premises. After he had bought the movable property on which he had a lien, he had the right to collect the balance due on his judgment against the lessee by the sale of the lessee’s right of occupancy of the leased premises, or by the seizure and sale of any other property belonging to the lessee. When the lessor sued and obtained judgment for the rent for the full term of the lease, the right of occupancy remained the property of the lessee, and was subject to seizure at the instance of the lessor or of any other creditor having a judgment against the lessee. Henry Rose Mercantile & Mfg. Co. v. Stearns, 154 La. 946, 98 So. 429; Burglass v. Villere, 170 La. 805, 129 So. 209, affirming Loyocana v. Villere & Burglass, 6 La. App. 37, and Burglass v. Villere, 14 La. App. 314, 125 So. 144.
 

 If a third party had bought the lessee’s right of occupancy at the sheriff’s sale, or if the lessor had not seen fit to seize and sell the right of occupancy, the lessee, or holder of the lease, would have had the right of occupancy for the unexpired term, of the lease.
 

 Counsel for the appellant cite and rely upon several decisions, but we do not consider them entirely appropriate, viz.: Bartels v. Their Creditors, 11 La. Ann. 433; D’Aquin v. Armant, 14 La. Ann. 217; Brinton, Syndic, v. Madame Datas, 17 La. Ann. 174; Lehman & Co. v. Dreyfus, 37 La. Ann. 587; Villavaso v. Creditors, 48 La. Ann. 946, 20 So. 167. Bartels v. Creditors and Villavaso v. Creditors are authority for the proposition that, if a lessor buys the right of occupancy as the property of the lessee, the effect is to cancel the lease. B,ut the cancellation, in such a case, does not have the retroactive effect of destroying the lessor’s lien' on the movable property which has been seized and sold by the sheriff and bought by the lessor in part satisfaction of his claim for rent. In fact it was virtually so said in the Villavaso Case. The three other cases cited are authority for the proposition merely that a sale of a lessee’s rights in
 
 *723
 
 a lease, to a third party, imposes upon the buyer the obligation to pay the price to the seller, and to pay to the lessor the rents accruing after the sale.
 

 The judgment is affirmed.