164 So.2d 364 (1964)
BILL GARRETT LEASING, INC., Plaintiff-Appellee,
v.
GENERAL LUMBER & SUPPLY CO., Inc., Defendant-Appellant.
No. 6124.
Court of Appeal of Louisiana, First Circuit.
April 6, 1964.
Rehearing Denied June 1, 1964.
Writ Refused June 30, 1964.
Cooley & Cooley, by David E. Cooley, Slidell, for appellant.
Sidney W. Provensal, Slidell, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
ELLIS, Judge.
Plaintiff filed suit upon a written contract by which he leased to the defendant a 1961 Chevrolet panel "Corvant" (truck) which stipulated it was for a period of 36 months at a monthly rental of $85.11, and alleged that upon the signing of the said lease defendant paid the rent for the first month, March 9, 1961, and also for the last month of said lease; that the defendant paid the rental for each month as agreed upon through the month of September, 1962 but failed to pay the rental for the months of October, November and December, 1962 and has not paid the rental for the month of January, 1963 nor any other rents due. Plaintiff further alleged because of the failure of the defendant to pay the rent as agreed upon in the written lease or rental agreement attached to its petition that it was now in default and in accordance with the terms of said agreement plaintiff had the right to terminate the lease or rental agreement and require the lessee to surrender forthwith the leased vehicle to lessor "... and it now exercises that right." Plaintiff also alleged under the terms of the agreement the entire unpaid rent for the balance of the lease was due and payable, with interest after default at the rate of 6% per annum and all costs and expenses including attorney fees, and that a fair value of such attorney fees was 25% of the amount due in principal and interest. Accordingly, plaintiff prayed for a judgment ordering the defendant to deliver to it the vehicle described in the petition *365 and for judgment in the full sum of $1377.76 together with 6% interest from October, 1962 until paid and an additional sum of 25% of the principal and interest as attorney fees and for all costs of the suit.
The defendant in its answer admitted the written agreement, alleged it was the best evidence of its contents, admitted they had failed to pay the rent for the months of October, November, and December of 1962 and January and February of 1963 but denied there was any other rent due as the lease had been terminated as of February 9, 1963 "on which date respondent surrendered the leased vehicle to plaintiff in accord with plaintiff's demand and said vehicle is now in plaintiff's possession." Defendant further alleged that the lease being terminated and the plaintiff having taken possession of the leased property it was not entitled to any rent for the unexpired term after February 9, 1963, and the defendant is entitled to recover the rent for the last month of the term which it had paid in advance.
The case was duly tried, judgment was rendered in favor of the plaintiff and against the defendant for the full amount of the rent due unpaid and for the entire duration, 36 months, of the lease agreement, in the full sum of $1377.76, together with 6% interest thereon from October, 1962 until paid and 25% of the principal and interest due as attorney fees, together with all costs.
In this court, counsel for defendant-appellant in his brief and argument admits the plaintiff was entitled to a judgment for the rent for October, November, and December, 1962 and for January and the first eight days of February, 1963, subject to a credit of $86.11 for rent for the month of February, 1964 which it paid in advance, and therefore this appeal is only from that portion of the judgment "which awards plaintiff-appellee rent for the period February 9, 1963 to March 1, 1964". As stated by counsel for defendant-appellant in his brief, there is no dispute whatsoever about the facts necessary to a decision on this appeal, and the sole issue before the court is a question of law, "Can a lessor evict lessee and also recover rent for the term of the lease to accrue after date of eviction?"
The lower court answered the question as follows:
"Under the terms of the lease agreement, plaintiff has a right not only to repossess the leased vehicle but also to collect the unpaid rental for the balance of the lease term with interest and attorney fees. Although this would appear to be a harsh remedy, it is within the terms of the agreement entered into by the parties hereto."
The pertinent part of the contract condition at issue in this case and necessary to a determination of the one issue before the court reads as follows:
"11. (a) Time is of the essence of this agreement. In the event the Lessee shall be in default of any of the payments hereunder or in any of the terms, conditions or provisions hereof, * * * then Lessor shall have the right to terminate this agreement and at its option, may require the Lessee to surrender forthwith the leased vehicle(s) to Lessor. In the event of any such default all rights of Lessee hereunder shall terminate and in event of Lessee's failure to surrender the leased vehicle(s) may repossess said vehicle(s) together with all equipment and accessories attached thereto with or without notice or legal process, and without prejudice to such other remedies as Lessor may have for the collection of any sum or sums to become due. Upon any such default the entire unpaid rent for the balance of the lease term shall become due and payable together with interest after default at the rate of six per cent (6%) per annum and all costs and expenses including attorney's fees. Lessor may at its option sell, to the highest bidder, the leased vehicle(s) and retain the entire *366 sale proceeds as liquidated damages hereunder. Sale of the leased vehicle(s) shall not affect lessor's right, in the event of a deficiency in sale proceeds, to recover any of the above and other damages which Lessor shall have sustained by reason of the breach by Lessee of any of the covenants or terms of this lease."
The law governing leases in this state makes no distinction between movable or immovable property. Counsel for plaintiff-appellee apparently contends the clause of the contract, supra, confers upon the lessor the right to terminate the contract of lease and take possession of the leased property and also to secure judgment for the entire unpaid rent for the balance of the leased term, for the contract provides that such rent "shall become due and payable, together with interest after default at the rate of 6% per annum, and all costs and expenses including attorney fees." This is an acceleration clause common to nearly all leases. As we interpret the provision of the contract, supra, it confers upon the lessor upon the non-payment of the rent by the lessee the right to terminate the lease agreement and "at its option" it may require the lessee to surrender forthwith the leased vehicle. The contract further provides upon failure to pay the rent and in the event of the lessee's failure to surrender the leased vehicle the lessor may attach the vehicle "without prejudice to such other remedies as lessor may have for the collection of any sum or sums to become due." Then follows the acceleration clause which gives him the right to collect the entire unpaid rent for the balance of the lease term, and additionally, the lessor may at its option sell to the highest bidder the leased vehicle and retain the entire sale proceeds as liquidated damages hereunder. We are not concerned with the latter provision in this contract as the vehicle was not sold and, therefore, we are not dealing with any penalty or liquidated damage clause. We believe the contract merely provides the lessor shall have the option of terminating the contract and regaining possession of the leased motor vehicle and collecting any sum due, or may, upon default in the payment of the rent, collect the entire unpaid rent for the balance of the leased term under the acceleration clause, and waive repossession of the vehicle.
We have no hesitancy in agreeing with the law as cited in brief of counsel for plaintiff-appellee to the effect that parties may make their own contracts and as such they form the law between them and should be enforced as long as they do not contravene good morals and public policy. The jurisprudence cited in support of counsel's contention is not apposite in this case.
Counsel for appellee in his brief states, "Appellee contends appellant never was evicted in the strict sense of the term; it alleged it was entitled to rent for the unexpired term of the lease and prayed for judgment ordering the appellant to deliver the truck to lessor in accordance with the terms of the contract. Appellant did not wait for a judgment of court but simply delivered the truck to the business place of the appellee which it now says was equivalent to eviction." Appellant was in default in its rent payments under its contract of lease and, when sued, admitted the default and in accordance with the allegation and prayer of plaintiff's petition delivered the truck to the appellee. The leased truck was placed in possession of the lessor by virtue of his suit requesting the eviction of the lessee and possession of the truck. The lessor was entitled to such action under the terms of his contract and the law, but he is not also entitled to take advantage of the acceleration clause which was optional in the sense that he could terminate the contract on the non-payment of the rent and evict the lessee of his possession but he could not also collect under the acceleration clause. If he wished to collect under the latter clause he had the right to do so but the lessee would have been entitled to continue his peaceful possession *367 of the motor vehicle under the terms of the lease. This Court in the case of Kinchen v. Arnold, La.App., 60 So.2d 114, was faced with the same question as now in the case at bar, and we held:
"As to the question of the balance of the rental to become due under the lease, we believe an answer is found in Henry Rose Mercantile Co. v. Stearns, supra [154 La. 946, 98 So. 429] and Maggio v. Price, supra [La.App., 1 So. 2d 404]. In the Stearns case, the court said:
"`If the lessee fails to pay his rent as it matures, the lessor may hold his liable for the rent due for the expired term of the lease, and may sue to dissolve the contract and evict the lessee, or, if he should so elect, he may hold the lessee for the rent, both for the expired and the unexpired terms of the lease, and may sue accordingly. If, however, he elects to avail himself of the latter right, he elects to continue the contract in force, notwithstanding the default of the lessee in his payments, and thereby accords to the latter the right to remain on the premises and to use them in accordance with the terms of the lease, and continues in force the obligation imposed by law upon him to maintain the lessee in the peaceable possession of the property.'"
In Succession of Israel, La.App., 154 So. 487, the Supreme Court held:
"* * * When the default took place in the prompt payment of the rent, the plaintiffs, as lessors, had the right to either ask for the cancellation of the lease, or avail themselves of the acceleration clause and obtain a judgment for the full amount of the unexpired part of the lease. Loyacano v. Villere & Burglass, 6 La.App. 37; Burglass v. Villere (La.App.) 147 So. 727. They chose the latter. This gave them the status of judgment creditors and conferred on the succession the right of occupancy of the leased premises."
Ranson v. Voiron, (W. H. Hodges & Co., Inc., Intervener), 176 La. 718, 146 So. 681, which was decided by the Supreme Court of Louisiana, involved a contest between a landlord and the holder of a chattel mortgage over the proceeds of the sale of movable property belonging to the lessee on the leased premises. In this case Ranson owned land and buildings in St. Bernard Parish and leased it to Voiron for a dairy for five years, beginning on the 15th of April, 1930 at $90.00 per month which was represented by sixty rent notes for $90.00 each, and which contained a stipulation that a failure to pay any one note at maturity would make them all due. Some of the notes were paid but the lessee defaulted, and the lessor then brought suit on all of the unpaid notes amounting to $4320.00 plus interest and attorney fees and prayed for and obtained a writ of provisional seizure and prayed for recognition of his lessor's lien on the movable property of the lessee on the leased premises, which was accordingly done. Lessor also obtained a judgment against the lessee for the $4320.00 and recognition of the lessor's lien on the property provisionally seized. W. H. Hodges filed a third opposition claiming the right to be paid by preference out of the proceeds of the sale which had been made by the sheriff. The property was sold to the lessor for $2775.00, which was far below the amount of his lien, and immediately afterwards the sheriff sold the lessee's lease or right of occupancy, which was also bought by the lessor for $150.00 and which left a balance due on lessor's judgment. We are not concerned with the third opposition but with the statement of the Supreme Court in the case as follows:
"It is true that the lease came to an end, by confusion, so to speak, when the lessor bought the lessee's right of occupancy. But the extinguishment of the lease, in that way, did not occur until the lessor had enforced his lien by buying the lessee's movable property on the leased premises. After he had bought the movable property on *368 which he had a lien, he had the right to collect the balance due on his judgment against the lessee by the sale of the lessee's right of occupancy of the leased premises, or by the seizure and sale of any other property belonging to the lessee. When the lessor sued and obtained judgment for the rent for the full term of the lease, the right of occupancy remained the property of the lessee, and was subject to seizure at the instance of the lessor or of any other creditor having a judgment against the lessee. Henry Rose Mercantile & Mfg. Co. v. Stearns, 154 La. 946, 98 So. 429; Burglass v. Villere, 170 La. 805, 129 So. 209, affirming Loyacano v. Villere & Burglass, 6 La.App. 37, and Burglass v. Villere, 14 La.App. 314, 125 So. 144.
"If a third party had bought the lessee's right of occupancy at the sheriff's sale, or if the lessor had not seen fit to seize and sell the right of occupancy, the lessee, or holder of the lease, would have had the right of occupancy for the unexpired term of the lease."
In Hickman v. Dahlen, 19 La.App. 723, 122 So. 85, the Second Circuit Court of Appeal considered a case involving a written contract of lease of certain immovables leased by plaintiff to the defendant and in which it was stipulated:
"It is distinctly understood and agreed that said rent shall bear 8% per annum interest after maturity and 10% upon the sum of principal and interest as attorney's fees in the event it should be necessary to institute legal proceedings hereunder, or place this contract in the hands of an attorney at law for any action hereunder. It is expressly agreed and understood that the failure to promptly pay any one of said rent installments at its maturity, that is to say, on or before the first of each month and in advance as hereinabove stipulated, shall, at the option of the lessor herein, mature all of the rent due hereunder and the entire obligation herein stipulated shall immediately become due and exigible at the option of the lessor."
It was conceded by both parties that the only issue between them was whether the lease contract was dissolved on the date of commencement of the suit, on October 10, 1928, or on the date of the filing of defendant's answer, Nov. 5, 1928, or the date of the judgment, on January 1, 1929. The court held that it clearly appeared from the evidence that the defendant gave up his lease and surrendered to plaintiff's possession the premises on October 10, 1928, and plaintiff on that date resumed possession of the hotel building. The court then stated:
"It is well settled in the jurisprudence of Louisiana that a lessor cannot accept the surrender of the lease and resume possession of the leased premises and hold the lessee for the use of the premises thereafter. Sigur v. Lloyd, 1 La.Ann. 421; Fox v. McKee, 31 La. Ann. 67; Mahan v. Lafaye, 3 La.App. 445; Castagna v. Marshall, 3 La.App. 778.
"The leased premises were not seized. Only the movables therein belonging to defendant were. The sheriff had no authority to operate the hotel and he testifies that he did not do so. It is shown by the evidence that plaintiff put Black in possession of the hotel premises and at his request the sheriff appointed Black custodian of the seized movables. This occurred on October 10, 1928. Therefore plaintiff was not entitled to receive rent of the premises from defendant subsequent to October 10th, and the trial court erred in allowing plaintiff rents after that date."
Again in Castagna v. Marshall, 3 La.App., 778, the court in considering the identical question before us in the case at bar adhered to the opinion of the same court in the case *369 of Carrie Mehan v. Lafaye, 3 La.App. 445, wherein it said:
"`Where a lessor terminates his tenant's right of occupancy by rule to vacate and subsequently sues for all rents which could have accrued under the entire term of the lease, the tenant is only liable for such rent as is due at date of dispossession. The dissolution of the lease by rule to vacate deprives the lessor of the right to hold lessee for rent which could have subsequently accrued.'"
In Henry Rose Mercantile & Mfg. Co. v. Stearns, 154 La. 946, 98 So. 429, the court held:
"By the terms of article 2692 of the Civil Code it is the duty of the lessor to maintain the lessee in the peaceable possession of the property let, during the continuance of the lease. If the lessor, instead of complying with this obligation, evicts the lessee, it seems clear that by doing so he gives to the latter good cause to dissolve the contract, and thereby to defeat any demand for rent made for the period following the eviction. If the lessee fails to pay his rent as it matures, the lessor may hold him liable for the rent due for the expired term of the lease, and may sue to dissolve the contract and evict the lessee, or, if he should so elect, he may hold the lessee for the rent, both for the expired and the unexpired terms of the lease, and may sue accordingly. If, however, he elects to avail himself of the latter right, he elects to continue the contract in force, notwithstanding the default of the lessee in his payments, and thereby accords to the latter the right to remain on the premises and to use them in accordance with the terms of the lease, and continues in force the obligation imposed by law upon him to maintain the lessee in the peaceable possession of the property. Therefore a lessor, in causing the personal property on the premises to be seized, under a writ of provisional seizure, for installments of rent due and for those that have not yet matured, should exercise care to see that the lessee is not unnecessarily disturbed in the possession of the premises, and that he is not evicted, by permitting the premises to be taken away from him to be used as a place to store the property seized. In the case at bar, as we have observed, the plaintiff gave its sanction to the sheriff's executing the writ in the manner in which he did, by refusing to direct that official to remove the property seized, when it was in plaintiff's power to have thus directed the sheriff, and by refusing to restore defendant to the possession of the premises, pending the seizure.
"The action of plaintiff and of the sheriff amounted to, and in fact resulted in, the eviction of defendant, and, since plaintiff is responsible therefor, defendant is entitled to have the lease dissolved, and to the rejection of plaintiff's demand for the rent accruing after the eviction. If plaintiff had waited until the recovery of judgment before evicting defendant, and under a writ of fieri facias had seized the lease for the installments due, a different case might have been presented, but plaintiff did not so wait; * * *".
The lessor in this case, having terminated the lease and brought about the eviction of the lessee and obtained full possession of the leased property, was not entitled to a judgment for the expired and unexpired terms of the lease but only for the former. The lessee had failed to pay rent for the months of October, November, December of 1962, January 1963, and eight days of February, 1963. Upon the filing of the suit, lessee returned the property in accordance with the prayer of the lessor's petition and such possession of the leased truck was fully accepted and taken by the lessor on that date. The rate per month was $86.11 and plaintiff-lessor is therefore entitled to four months and nine days rent which we calculate *370 to be $370.14. Defendant-lessee also was required to pay $86.11 for the last month of the term the lease was to run in advance and is entitled to credit for this amount which leaves $284.03 for which the plaintiff-lessor is entitled to judgment.
It is therefore ordered, adjudged and decreed that the judgment of the lower court in favor of the plaintiff, Bill Garrett Leasing, Inc., and against the defendant, General Lumber and Supply Co., Inc., be reduced to the sum of $284.03 together with 6% per annum interest thereon from October, 1962 until paid and 25% of the principal and interest due as attorney fees, costs of the lower court to be paid by the defendant, and the costs of this appeal to be paid by the plaintiff, Bill Garrett Leasing, Inc.
As amended the judgment of the lower court is affirmed.
Amended and affirmed.