### WILLIAM DURBRIDGE *v.* CHARLES WENTZEL, et al.

*Every act whatever of man, that causes damage to another, obliges him by whose fault it happened to repair it.*

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.

*G. J. McPheeters* for plaintiff. *Alfred Philips* for defendants and appellants.

ILSLEY, J. Charles Wentzel, the defendant, as assignee of one Letten, obtained judgment in the Sixth District Court of New Orleans against the plaintiff in this suit, for some $1200, and before the expiration of the delay for appealing, Wentzel's attorney caused execution to issue on the judgment. In virtue of this execution, the sheriff seized Durbridge's deposits in bank, and for this alleged illegal proceeding Durbridge claims damages $1,000, and $150 counsels' fees.

The case was submitted to a jury, who awarded, on the first trial, $400 to the plaintiff, but a new trial having been granted, it was again submitted to a jury, who rendered a verdict in favor of the plaintiff for $100, and from the judgment rendered by the court on this verdict the defendants have appealed.

It is admitted, in the defendant Wentzel's answer, that the writ of *fieri facias* was issued before the expiration of the delay for a suspensive appeal; and the counsel of Wentzel, in his testimony, says that "execution was issued under the belief that, if it was not issued before the delay expired, I would never make the money."

It is not pretended that Wentzel is not responsible for the illegal and unwarrantable acts of his counsel in pursuing the course they did, and any denial of responsibility, which might be gathered from the answer, is met by the ruling in *Duperon* v. *Vanwinkle, Sheriff, et al.,* 4 Rob. p. 41. In that case, the sheriff was the agent selected by the law to represent the

defendants; whilst, in this, the attorneys who took out execution, were <span style="float:right">DURBRIDGE<br>*v.*<br>WENTZEL.</span> the agents of the defendant's own selection.

The act of seizing the defendant's property was a tortious one, and the jury were justified in giving the verdict they did, which we deem a reasonable one, and of which the defendant should not complain. *Keen* v. *Lezardi*, 8. L. 33.   C. C. 2294.   C. C. 1928, § 3.

It is therefore ordered, adjudged and decreed, that the judgment of the Court below be affirmed, with costs of appeal.

HYMAN, C. J., absent.
HOWELL, J., recused.