Plaintiff appeals from a judgment dismissing his suit on an exception of no right or cause of action.
The petition sets forth: That prior to November 24, 1920, plaintiff was employed by the defendant company at wages of 85 cents per hour, with time and a half for work performed on Sundays and all legal holidays. That on that day he was summarily discharged. That rule 37 of the National Agreement by the Railway Operatives and Railway Employees provides that no employee can be discharged without a hearing. That plaintiff appealed from such action to the United States Railroad Labor Board, and that on May 18, 1922, a decision was rendered decreeing that he should be reinstated in his former position, with seniority rights unimpaired, and paid for all time lost, less any amount he may have earned in other employment. That defendant applied for a rehearing, which was denied on July 21, 1922. That plaintiff was at all times ready to comply with the decision, but received no orders to return to work until on or about August 7, 1922, when, during the progress of a strike, he was notified to report for work at once. That he did not report for work on account of conditions existing at that time, and accordingly notified defendant he would report after the strike was ended. That subsequently defendant wrote plaintiff, declaring its readiness to pay the monetary part due petitioner for all time lost because of his suspension, and asking for a statement of the amount due him. That since rendering such statement he has made every honorable effort to return to duty, without avail, and he has not been able to obtain a settlement of his claim.
Plaintiff alleged that his wages during the time of his suspension would have amounted to $3,726.32, and that during said period he earned $1,170 in other employment. His suit is for $2,556.32, the difference between said amounts. *Page 261 
Plaintiff, in amplification of his averments, attached to his petition certain documents and correspondence. Since the argument and submission of the cause in this court, defendant, by agreement of counsel, has filed and made a part of the transcript a letter, dated August 23, 1922, written by plaintiff to defendant, in reply to defendant's letter of August 17, 1922, in which it declared its willingness to pay the amount of the award, and requesting a statement of said amount.
Defendant's exception is based on two grounds:
First. That the Transportation Act of 1920, under which the Labor Board was empowered to act in the matter, does not provide any means for the enforcement of its decision; nor does it give either of the parties the right to enforce the decree in the courts or otherwise.
Second. That, even if plaintiff has the right to resort to the courts to enforce the decision of the Labor Board, his petition shows he has failed to comply with that part of the ruling which required him to return to work, and he cannot enforce that part of the decision which requires the railroad company to pay his wages, and, at the same time, refuse to comply with that part of the ruling which requires him to return to his work.
We will consider these points together.
The Transportation Act of 1920, adopted by Congress, and approved February 28, 1920 (Comp. St. Ann. Supp. 1923, § 10071 1/4 et seq.), created the Railroad Labor Board, and provides for the submission to said board of disputes between carriers and their employees, with authority conferred upon said board to decide such controversies. It is not provided in said act that the successful party may enforce through the instrumentality of the courts, the award made in his favor by said board. The only constraint imposed upon the parties to do what it is decided they *Page 262 
should do is the moral constraint arising from the right of the board to publish its decisions. Penn. R.R. Co. v. United States Labor Board, 261 U.S. 72, 43 S. Ct. 278, 67 L. Ed. 536.
If the petition before us contained nothing further than the allegations showing the dispute between plaintiff and defendant growing out of the former's discharge, the reference of the controversy to the Railroad Labor Board, and its decision in the matter, it might be that the exception of no cause of action would be well founded.
Plaintiff's averments, however, are broader and more comprehensive than this. After alleging his summary discharge by defendant, his appeal to the Labor Board, the decision ordering his reinstatement, with seniority rights unimpaired, and payment for all time lost, less the amount which he may have earned in other employment, he shows that defendant accepted and acquiesced in the decision of the board by ordering him to report to work at once. The letter of the defendant company, omitting the date, the address, and the signature, reads:
 "In compliance with United States Railroad LaborBoard Decision No. 1022, docket No. 1684, you are hereby notified to report for work at once." (Writer's italics.)
Petitioner alleges that, while he was always ready and willing to comply with the decision and return to work, he was unable to do so when he received the foregoing letter, for the reason that he was a member of the Railway Employees' Union, which at the time was on a strike, and that he so advised the defendant company, with reservation of his right to report for service as soon as the strike was settled. We think plaintiff was within his legal rights in refusing to go back to work while his labor organization was engaged in a strike.
Plaintiff shows that, after he had informed defendant of his inability to report *Page 263 
for work at that particular time for the reason stated, defendant, in further recognition of the decision of the Labor Board, and apparently acquiescing in his attitude, notified him of its intention to comply with that part of the decision which required payment to him of time lost, less what he had earned in other employment. This letter, signed by the vice president and general manager, is annexed to and made a part of the petition. It reads, in part, as follows:
 "The management considers that it has complied with the board's decision with respect to reinstating you, and it now advises you that it is prepared to complywith the balance of the board's decision, which requires the railroad company to pay you for all time lost less any amount you may have earned in other employment.
 "In order that the management may determine the exact amount that is due you under this decision, please send me an itemized statement showing the amount that you earned in other employment, this statement to be certified to before a notary public." (Writer's italics.)
Plaintiff alleges that he immediately complied with the request for an itemized statement showing his earnings in other employment, but that he has been unable to obtain a settlement from the defendant; the balance in his favor being the amount for which he has instituted the present suit.
In Penn. R.R. Co. v. U.S. Labor Board, supra, Chief Justice Taft, speaking for the court, says that "the board is to act as a board of arbitration." And plaintiff argues that defendant is in the position of one who has submitted to arbitration, and has accepted the decision of the arbitrators, and is estopped, by its conduct subsequent to the award, from denying plaintiff's right of recovery. Without passing upon the soundness vel non of this argument, we think plaintiff is entitled to a right of action to recover such amount as he may be able to show is due him under the said decision.
While it is true, as pointed out in Penn. R.R. Co. v. U.S. Labor Board, supra, the *Page 264 
Transportation Act does not permit the rulings of the board to be enforced by process, it is equally true, as is stressed in the same decision, that the sanction of the board's decree —
"is to be the force of public opinion invoked by the fairness of a full hearing, the intrinsic justice of the conclusion, strengthened by the official prestige of the board, and the full publication of the violation of such decision by any party to the proceeding."
The opinion points out the economic interest of every member of the public in the undisturbed flow of interstate commerce, the acute inconvenience to which all must be subjected by the interruption caused by a serious and widespread labor dispute, and of the necessarily general dissatisfaction with and criticism of the party thought to be at fault.
The defendant company had the right to reject or to accept the award of the Labor Board. It elected to accept it. In doing so, it was obviously aware of the pecuniary and other material benefits it would secure from such action. The publication of the board's decision and defendant's refusal to abide thereby was forestalled by its notification to plaintiff of its acquiescence therein. The good will of the public was retained, with the consequent retention, and possible increase, of its business and earnings. Its rejection of the decision would have had the opposite effect. The public would have looked upon the railroad company as a corporation willing to incur and encourage disputes with its employees, rather than as one desirous of cooperating with them in the interest of the public business. Having the ill will of the public, defendant's business would decrease, and its receipts, and consequent earnings, would necessarily diminish.
On the other hand, the plaintiff was, by defendant's notification of its desire to comply with the board's decision, misled, to his detriment, to forego the immediate exercise of his legal right to require the publication *Page 265 
by the Labor Board of its decision and the failure of the defendant company to comply therewith.
In these circumstances, we think the defendant company has ratified and acquiesced in, and is equitably estopped from contesting, the award of the Labor Board.
Plaintiff is suing only for compensation up to August 6, 1922, the date he was notified by the defendant company of its acquiescence in the ruling of the board. That ruling merely reinstated plaintiff to his former position, with seniority rights unimpaired, and ordered that he should be paid for all time lost, less any amount he may have earned in other employment. The board did not decree that plaintiff should continue to work for the defendant. At no time, according to the petition and the attached correspondence, has the defendant company declared or indicated its dissatisfaction with the attitude of the defendant concerning his desire to refrain from returning to work until the strike to which he referred, was ended. On the contrary, in its letter of August 17, 1922, the defendant company, after reiterating that it had reinstated plaintiff in compliance with the decision of the Labor Board, notified him that it was prepared, also, to comply with the other part of the ruling requiring it to pay plaintiff for time lost, subject to the amount earned by him in other employment, and requested that he send in a statement showing the amount so earned by him. Whatever may be the merit of such a defense, should plaintiff seek to recover compensation subsequent to August 6, 1922, we do not think it can prevail as against plaintiff's present demand.
Defendant contends that whether the offer contained in defendant's letter of August 17, 1922, was an unqualified offer to pay plaintiff the wages claimed by him, or whether the payment of the wages was dependent *Page 266 
upon plaintiff returning to work, the offer was refused by plaintiff in declaring that he would accept it only on the condition stated in his letter of August 23, 1922, brought up and filed in the transcript by agreement of counsel.
We do not so construe plaintiff's letter. He does not contest the reinstatement, but merely reserves the right to contest the implied suggestion that the reinstatement was not to be continuous from and after the date of defendant's notice. Inasmuch as plaintiff is not suing for anything beyond the date of his reinstatement by defendant, his reservation of the right to interpret his reinstatement as existent and continuous cannot be construed as a refusal to accept the reinstatement which had been theretofore made. On the contrary, it was merely a notice that he would stand on said reinstatement. His acceptance of defendant's proposal of payment is shown by the inclosure of the statement asked for. The offer of compromise contained in the letter, if it was admissible in evidence, is valueless as a defense, since it refers exclusively to matters and things occurring, or to occur, subsequent to August 7, 1922.
For the reasons assigned, the judgment appealed from is set aside, and it is now ordered that there be judgment in favor of Nicholas J. Hoey, plaintiff, and against the New Orleans Great Northern Railroad Company, defendant, overruling the exception of no right or cause of action filed by said defendant, and that this cause be remanded and reinstated on the docket of the district court, to be there proceeded with according to law. Costs of this appeal to be paid by defendant; all other costs to await the final disposition of the cause.
O'NIELL, C.J., dissents, on the ground that the plaintiffs' reply to the defendants' offer to settle was a rejection of the offer. *Page 267