BRUNOT, J.
 

 This case was before us in 1925, on appeal from a judgment sustaining exceptions of no right or cause of action and dismissing plaintiff’s suit. This court set that judgment aside and remanded the case to be tried on the merits. In the opinion then handed down, which is reported in the 159 La. 258, 105 So. 310, 47 A. L. R. 832, the case is fully and accurately stated, and plaintiff’s right to recover such amount as he may be able to show is due him under the ruling of the United States Railroad Labor Board, rendered in his favor on May 18, 1922, is upheld.
 

 As our decision recognized plaintiff’s right to recover under the ruling of the United States Railroad Labor Board for the reason that the defendant had acquiesced in that ruling and the plaintiff was justified in not returning to work, as its employee, while the railroad labor union to which he belonged was on strike, that decision is the law of the case, and nothing remains for us to consider now except issues of fact.
 

 The record shows that plaintiff was discharged November 24, 1920. He was an electrician, and prior to his discharge he had been employed by defendant, in that capacity, at a wage of 85 cents per hour regular time and on the basis of time and a half for work on Sundays and holidays. Subsequently the wage was reduced to 77 cents per hour, and some time later, to 60 cents per hour. His monthly time sheets covering the period from November 25, 1920, to August.22, 1922, both inclusive, are in the record, and they do not show any loss of time whatever for that period, but do show 12 hours labor on many Sundays and holidays.
 

 It appears that between the date of plaintiff’s discharge and the date he was notified by defendant to return to work, plaintiff, on the basis of his time sheets prior to his discharge, would have earned, in defendant’s employ, the sum of $3,726.32, and he has shown that during that period he actually earned $1,170 in other employment. His suit is for $2,556.32, the difference between those two sums, with legal interest on the sum sued for from August 6, 1922, until paid, and the judgment appealed from is for that sum and interest thereon as prayed for.
 

 The judgment is correct, and it is affirmed, at appellant’s cost.