LAND, J.
 

 In execution of a judgment obtained against defendant, plaintiff seized the right of occupancy of defendant in and to the leased premises Nos. 134, 136, 138, and 140, Robert E. Lee boulevard, corner. Oatina street, in the city of New Orleans.
 

 
 *205
 
 ■Upon receiving notice of seizure, Paul Giangrosso, the lessor of defendant, intervened for the purpose of enjoining the sale on the ground that defendant’s right of occupancy had been lost.
 

 Judgment was rendered in favor of intervener, making the writ of preliminary injunction absolute, and plaintiff has appealed.
 

 The issue in the case is whether defendant’s right of occupancy actually subsisted at the date of the seizure, March 10, 1927.
 

 On March 9, 1927, judgment for rent had been rendered in the civil district court in favor of Giangrosso, the lessor, and against defendant, his lessee, in the sum of $15,375, with 5 per cent, interest thei’eon from judicial demand, and 10 per cent, upon the principal and interest for attorney’s fees, with recognition and maintenance of lessor’s lien and privilege upon the effects provisionally seized.
 

 The lease upon which the judgment against defendant for rent is predicated was made for the term of five years, commencing February 1, 1927, and ending January 31, 1932. It is stipulated in the lease that defendant shall pay a monthly rental of $225 for the first year, $250 for the second year, and $275 for the third, fourth, and fifth years.
 

 The clause of the lease pertinent to the issue raised in the case at bar reads as follows:
 

 “Should the premises be vacated or abandoned by lessee because of ejectment for breach hereof, or otherwise, or should the lessee begin to remove personal property' or goods to the prejudice of the lessor’s lien, then the rent for the unexpired term, with attorney’s fees, shall at once become due and exigible,
 
 and lessor, at his option, has the right to cancel the lease, or reenter and let said premises for such price and on such terms as may be immediately obtainable and apply the net amount realised to the payment of the rent."
 

 The provisional seizure in the suit of Giangrosso against defendant in the civil district court is based upon the allegation that defendant, as lessee, had abandoned the leased premises, and had removed part of the furniture and property in the leased premises subject to the lessor’s lien and privilege.
 

 This latter allegation in the petition for the writ of provisional seizure charged defendant, as lessee, with a breach of the lease, and its effect was to make the rent for the unexpired term of the lease due and demand-able, and also to create in favor of the lessor an option either to cancel the lease, or “to re-enter and let the premises for such price and on such terms as may be immediately obtainable, and apply the net amount realized
 
 to the
 
 payment of the rent,” as provided in the clause of the lease above quoted.
 

 The suit for rent was instituted in the civil district court February 4, 1927, and was not contested by defendant, who permitted judgment to be rendered against him on default.
 

 Instead of canceling the lease, Giangrosso exercised his option, as lessor, to re-enter and let the leased premises, before suing for rent, but had not succeeded in securing a tenant up to the date of the trial of the present suit, June 1, 1927. It is to be observed that the right of the defendant, as lessee, after reentry of the premises by the lessor, is restricted to the application of the net amount realized from the letting of the premises, “for such price and on such terms
 
 as may be immediately
 
 obtainable,” to the payment of the rent due to the lessor. That this right of the lessee cannot be prolonged indefinitely under this clause of the lease is apparent;
 

 As the lessor, after re-entry of the premises, failed to obtain tenants immediately or later at any price, it is clear that the defendant, lessee, has lost his right to claim any credit to be applied to the rent due by him to the lessor. ■
 

 If such a right may be denominated a right of occupancy at all, when the lessor himself ■is in actual possession of the leased premises, under the express reservation of the right of re-entry for the breach of the lease, then defendant’s right of occupancy, as les
 
 *207
 
 see, has been- lost under the facts of the case, and there was nothing to be seized or sold in execution of the judgment obtained by plaintiff against defendant.
 

 Giangrosso derived nothing, practically, from his provisional seizure. Plaintiff neither proposes to pay the lessor his judgment for i;ent amounting to more than $15,000, with 5 per cent, per annum interest from judicial demand, and attorney’s fees, nor has plaintiff shown, or attempted to show, the remotest possibility of any equitable interest which defendant might have, over and above the amount due by him for rent, in the event of the sale under execution of the right of occupancy claimed by defendant, as lessee.
 

 It is obvious that Giangrosso would have canceled the lease, as he had the right to do under its terms, had there been any reasonable prospect of an increase in rental, instead of exercising his alternative'option to re-enter and let the premises.
 

 The contract of lease is the special law of the casé, and necessarily defines and determines the respective rights of the parties thereto.
 

 The creditors of defendant have no greater rights under the lease than he has, as lessee. In our opinion, the judgment of the lower court making the writ of preliminary injunction absolute is correct.
 

 Judgment affirmed.