GIANGROSSO v. BERNARD, JR., ET AL.

(April 7, 1930.   Opinion and Decree.)
(April 21, 1930.   Rehearing Refused, Pltf. Petition.)
(May 5, 1930.   Rehearing Refused, Defts. Petition.)
(July 2, 1930.   Writ of Certiorari and Review Refused by Supreme Court.)

Theo. Cotonio and Theo. Cotonio, Jr., of New Orleans, attorneys for plaintiff, appellant.

Prowell, McBride & Ray, of New Orleans, attorneys for defendants, appellees.

WESTERFIELD, J.   This is a suit for damages based upon an alleged illegal seizure.

Paul Giangrosso, plaintiff herein, obtained a writ of provisional seizure against his

tenant, Martin J. Straub, and seized the contents of the leased premises, subsequently obtaining a judgment for rent in the sum of $15,375.

The Loubat Glassware & Cork Company, Limited, intervened and claimed a chattel mortgage on most of the property seized, which was recognized, with the result that Giangrosso realized little or nothing. On the day that Giangrosso obtained judgment against Straub, the defendant therein Jos. Bernard, Jr., obtained a writ of fi. fa. in execution of a judgment for $149.78 which he had obtained against Straub by confession and seized the right of occupancy of the leased premises for the unexpired term of the lease which had something like four years to run. Giangrosso enjoined the seizure. The lower court maintained the injunction, and· on appeal to the Supreme Court its judgment was affirmed. Whereupon the present suit was brought by Giangrosso against Bernard and the Loubat Glassware & Cork Company, Limited, in solido, claiming damages in the sum of $507, for the illegal seizure of the right of occupancy. The damages claimed are itemized as follows:

Attorneys' fees _____ 250.00
For loss of time "by petitioner in
  being called upon to defend his
  possession" _____ 250.00
Cost of printing briefs in the Su-
  preme Court _____ 7.00
                                       _____
                                        $507.00

The trial court rendered judgment in favor of the defendants, dismissing plaintiff's demand, and he has appealed.

The suit is defended in this court upon the ground that plaintiff has failed to prove any damages resulting from the seizure which, it is insisted, was resorted to without any malice on the part of Bernard.

In so far as the case against the Loubat Glassware & Cork Company, Limited, is concerned, it is based upon an alleged conspiracy between it and Bernard for the purpose of seizing Giangrosso's property, or, as stated by counsel in his brief: "The sole and only object in Bernard's securing the confession of judgment from Straub was to seize Giangrosso's property. Bernard was not even a creditor of Straub." The record is barren of any evidence in support of the allegations of conspiracy, and Bernard was held to be a bona fide judgment creditor. In so far as the defendant Loubat Glassware & Cork Company, Limited, is concerned, the judgment in its favor dismissing plaintiff's suit must be affirmed.

The action of Bernard in resorting to the seizure of the right of occupancy is said to have been in the utmost good faith and in reliance upon a decision of this court in Loyacano vs. Villere et al., 6 La. App. 37, where the right of a judgment creditor of a tenant to seize the right of occupancy under somewhat similar circumstances was upheld. The case relied on was held to be correctly decided by our Supreme Court in declining to issue a writ of certiorari. However, the lease in the Loyacano case contained certain provisions which do not appear in the Straub lease, and the cases may be said to be distinguishable. Be that as it may, however, the seizure effected by the defendant Bernard, in this case, has been held to be without justification. Bernard vs. Straub, 166 La. 204, 116 So. 852. It follows that the defendant is liable for whatever damage he may have caused plaintiff by reason of his illegal seizure. White vs. Givens, 29 La. Ann. 571; Gilkerson-Sloss Commission Co. vs. Yale, 47 La. Ann. 690, 17 So. 244; and Marine Bank & Trust Co. vs. Shaffer, 166 La. 164, 116 So. 838.

The plaintiff has failed to prove any damages other than attorneys' fees. He testified that he lost some time in going to court, and that his earnings amounted to from $15 to $25 per day. He also testified that he lost some rent by reason of the seizure and that he spent $7 for briefs. We know of no authority, and none has been indicated, which would permit the allowance of the cost of printing briefs, nor have we been cited to any case which would permit plaintiff to recover for the value of his time spent on the witness stand while testifying in his own behalf, even if there were any satisfactory proof as to the value of his time, which we do not find in the record.

As to attorneys' fees we find the rule to be as stated in Marine Bank & Trust Co. vs. Shaffer, supra, that the test of the amount of fee to be allowed is the value of the property illegally seized, the damage or inconvenience which might be sustained by plaintiff by reason of the illegal seizure if it should not be terminated, and the legal knowledge, skill, and labor required to secure plaintiff in his rights. In the case before us the services of counsel consisted in the trial in the district court of the injunction suit and the preparation for trial and argument in the Supreme Court. We do not find in this case any evidence of the value of the property seized nor of the damage or inconvenience which the plaintiff sustained by reason of the illegal seizure. In the Marine Bank case, supra, where much more important interests were involved and the labor of counsel was much more arduous, a fee of $500 was allowed. We believe an allowance in this case of $200 to be proper.

For the reasons assigned the judgment appealed from is reversed in so far as it dismisses plaintiff's suit against Jos. Bernard, Jr., and it is now ordered that there be judgment in favor of Paul Giangrosso, plaintiff herein, and against Jos. Bernard, Jr., defendant herein, in the sum of $200 with legal interest thereon from judicial demand and all costs.