O’NIELL, C; J.
 

 Anthony P. Loyacano sued his tenant, Mrs! Septime Villere, and the surety on her bond, on 21 rent notes, for $160 each, and obtained judgment against the defendants in solido for $3,360. Only two of the notes, representing two months’ rent, were past due; but it was stipulated in the contract of lease that default in the payment, of one note would cause all of the notes to become due. Loyacano obtained a writ of fi. fa., under which the sheriff seized Mrs. Villere’s personal property on the leased premises, but the proceeds of the sale, after paying cost's, amounted to only $391.81: About two weeks after Loyacano had sued' Mrs. Villere and her surety, Abraham Burg-lass sued her for $1,667, on an account, and obtained judgment for the amount on her confession of judgment. Burglass obtained a writ of fi. fa., under which the sheriff seized Mrs. ViUere’s right of occupancy of the leased premises. That was more, than fifteen months before the date of expiration of the lease. Loya.cario filed an intervention, or, more properly speaking, an opposition, in the Burg-
 
 *808
 
 lass proceeding against Mrs. Yillere, and, alleging that the lease was canceled, obtained a writ of injunction, ex parte, arresting the sale of the alleged' right of occupancy of the leásed premises. In the meantime, that is to say, after Burglass had seized the alleged right of occupancy, and only nine days before Loyacano obtained his injunction, he (Loyacano) brought a separate suit against' Mrs. Villere and Burglass, to have the lease canceled for nonpayment of the rent. Burglass, as defendant in the suit, pleaded that Loyacano had no cause or right of action to have the lease canceled, and that he was estopped to demand a cancellation of the lease, because of his having obtained judgment against Mrs. Villere for the rent for the full term of the lease. The district court maintained these pleas, rejected Loyacano’s demand for cancellation of the lease, and thus held, in effect, that Burglass had the right to seize and sell Mrs. Villere’s right of occupancy of the leased premises in satisfaction of his judgment against Mrs. Villere. Loyacano appealed to the Court of Appeal, and the judgment was there affirmed; and he applied to this court for a writ of review, which was refused. See Loyacano v. Villere & Burglass, 6 La. App. 37.
 

 While the suit of Loyacano v. Villere & Burglass, for cancellation of the1 lease, was being tried in the district court and on appeal, the injunction suit' which Loyacano had brought by way of intervention and opposition in the proceeding of Burglass against Mrs. ■ Villere, and which presented the same, issue that was presented in the suit of Loyacano v. Villere & Burglass, was allowed to remain dormant. Burglass had answered Loyacano’s petition of intervention and opposition, urging the same defense which he urged against the suit of Loyacano v. Villere & Burglass, for cancellation of the lease, and setting up a reconventional demand for damages for attorneys’ fees, for the wrongful obtaining of the injunction, and 20 per cent, statutory damages. After the case of Loyacano v. Villere
 
 &
 
 Burglass was decided in favor of Burglass, he filed a supplemental answer and reconventional demand in the injunction suit, in which he alleged that Loyacano, under the protection of the writ of injunction, had collected and retained $2,250 for 15 months’ rent of the premises at $150 per month; hence Burglass claimed that Loyacano had wrongfully deprived him of the only means of collecting his judgment of $1,-667 against Mrs. Villere, and owed him the full amount of the judgment, as damages for the wrongful obtaining of the injunction. Loyacano filed a plea of prescription of one year against the supplemental answer and reconventional demand of Burglass for the $1,667 damages, because the lease had expired by limitation, according to the terms of the contract, more than a year before Burglass filed his supplemental answer and reconventional demand for the $1,667 damages. The district judge maintained the plea of prescription; and, although he dissolved the writ of injunction on the authority of the decision which had been rendered in Loyacano v. Villere & Burglass, the judge rejected the demand of Burglass for damages caused by the wrongful obtaining of the writ. Burglass appealed to. the court of appeal, and that court (125 So. 144) affirmed the ruling that his claim of $1,667 damages made in his supplemental answer and reconventional demand was barred by the prescription of one year, but the court allowed him damages in the sum of $150 for attorneys’ fees and 20 per cent, statutory damages on the amount of his judgment. Loyacano and Burglass each ashed for a rehearing, and, their petitions being refused, applied to this court for writs
 
 *810
 
 of certiorari and review, which were granted. Loyacano, of course, complains only of the decree allowing Burglass $150 damages for the attorney’s fee and the 20 per cent, statutory damages; and Burglass, of course, complains only of the decree maintaining the plea of prescription in har of his claim of $1,667 damages, set up in his supplemental answer and reconventional demand.
 

 Referring to the .statutory damages, counsel for Loyacano cite the case of Kentwood Bank v. McClendon, 152 La. 489, 93 So. 748, as maintaining that where there is no “palpable abuse” of the injunction process, statutory damages should not be allowed. The ruling in that case was founded, not upon the lack of abuse of the injunction process, but upon the court’s finding that aside from the damages for attorney’s fees, for which the court allowed $250, “the record disclosed no special damages on account of the injunction.” The record in the present case, when tried on the merits of the reconventional demand for $1,667 damages, will very likely show “special damages on account of the injunction.” Our opinion, therefore, is that Burglass is entitled to the statutory damages of 20 per cent, of the amount of his judgment, besides his claim of $150 damages for attorney’s fees, and whatever additional actual damages he may have suffered by reason of the injunction. If he succeeds in establishing his claim for the full amount of his judgment, $1,667, he will not be entitled to more as statutory damages.
 

 .[2] We do not find any proof in the record that Burglass actually paid or incurred the obligation to pay $150 for attorney’s fees. Without such proof, the damages for attorney’s fees should not have been allowed. Whitney-Central National Bank v. Sinnott, 136 La. 95, 66 So. 551. However, as we have concluded that the ease will have to be remanded, the opportunity will be afforded to furnish proof of the obligation for the attorneys’ fees.
 

 Referring to the plea of prescription of one year, which was held to be a bar to the reconventional demand for damages for ' the amount of Burglass’ judgment against Mrs. Villere, the attorneys for Burglass contend that this claim is for damages arising quasi ex contractu, and. not ex delicto. If such damages are deemed to have arisen quasi ex contractu, they are subject to the prescription of ten years; whereas, if they are deemed to have arisen ex delicto, they are subject to the prescription of one year. We find it unnecessary in this ease to decide whether such damages as are caused by a wrongful obtaining of an injunction result ex delicto or quasi ex contractu. The claim for damages, against which the plea of prescription of one year is set up, was asserted judicially before the injunction was dissolved, and in fact within one year — less than nine months — after it was decided, virtually, in Loyacano v. Villere and Burglass, -that Loyacano had obtained the injunction wrongfully. The Court of Appeal ruled that the period of prescription commenced to run from the date on which the lease expired, because all of the damage that Burglass could have suffered by the sheriff’s being enjoined from selling the right of occupancy was then done and completed. The court rested its ruling in that respect upon the proposition that there was nothing to prevent Burglass from judicially asserting his claim for these damages at any time after the expiration of the lease, even before it was decided that the injunction was obtained wrongfully. That is true; but it must be borne in mind that the claim for damages, no matter when asserted, could not have been allowed while the injunction remained in force. If Burglass had merely reserved his
 
 *812
 
 right to claim damages, instead of claiming them in his answer to the injunction suit, the period of prescription against the claim for damages would not have commenced until it was judicially determined that the injunction was obtained wrongfully. This case is not different from one in which tangible property is seized and the sale is arrested by an junction and the property perishes or is destroyed because of the duration of the injunction. In Harvey v. Pflug, 37 La. Ann. 904, it was said:
 

 “If any one under pretence of rights after-wards judicially determined to be unfounded, uses process of law to restrain another in the prosecution of a lawful claim, he cannot use the delay, his own act has caused to defeat the claim he has wrongfully resisted. A party cannot provoke and protract litigation based on his refusal to deliver leased premises, and then avail himself of the lapse of time to avoid damages for his wrongful refusal. Prescription does not run pending the litigation thus provoked.!’
 

 In Jones v. Texas & Pacific Railway Co., 125 La. 542, 51 So. 582, 583, 136 Am. St. Rep. 339, in which the decision itself is not appropriate here, the court quoted with approval Pothier, Prescription; No. 37, viz:
 

 “Although the action has accrued (soit ouverte), so long as it cannot be usefully prosecuted, prescription does not run. The reason is that prescription is founded on the negligence of the creditor; and a creditor cannot be held to have been negligent in bringing his suit, so long as it' was not possible for him to bring it usefully.”
 

 The decision in, Drews v. Williams, 50 La. Ann. 579, 23 So. 897, seems also to maintain that prescription does not commence to run against an action for damages for the wrongful obtaining of a writ of injunction until it has been judicially determined that the injunction was obtained wrongfully.
 

 The judgment of the civil district court and of the Court of Appeal is annulled; the plea of prescription of one year is overruled; and the case is ordered remanded to the civil district court for trial of the reconventional demand of Abraham Burglass for damages, in his supplemental answer as well as in his original answer to the petition of Anthony P. Loyacano for an injunction. The costs already incurred in the Court of Appeal and in this court are to be borne by Anthony P. Loyacano ; the question of liability for the costs incurred in the civil district court is to depend upon the final judgment to be rendered in the. case.