## BURGLASS v. VILLERE (LOYACANO, Intervener).

### No. 14289.

Court of Appeal of Louisiana. Orleans.
April 24, 1933.

See, also, 14 La. App. 314, 125 So. 144; 170 La. 805, 129 So. 209.

Edward Rightor, Edwin J. Prinz, and Solomon S. Goldman, all of New Orleans, for appellant.

Prowell, McBride & Ray and J. T. Prowell, all of New Orleans, for appellee.

HIGGINS, Judge.

In this proceeding the plaintiff, Burglass, claimed from the intervener, Loyacano, both actual and statutory damages and also attorney's fees growing out of the alleged wrongful issuance of a preliminary writ of injunction. Loyacano filed a plea of prescription of one year and an exception of no right or cause of action. There was judgment, on May 18, 1928, in favor of Burglass and against Loyacano, dissolving the writ of injunction, and judgment in favor of Loyacano and against Burglass, sustaining the plea of prescription and dismissing Burglass's claims. Burglass alone has appealed.

The record shows that Loyacano owned the premises No. 1320 Canal street and rented them to Mrs. Septime Villere for a period of twenty-four months commencing October 1, 1922, and ending September 30, 1924, at a rental of $160 per month. Mrs. Villere paid the rent for the first three months and defaulted in the payment of the next two rent

installments. As a result of this breach of the contract of lease, under an acceleration clause therein, the unexpired portion thereof became due at the option of the lessor, Loyacano. He elected to sue Mrs. Villere for the installments that were then due and also for the whole of the unexpired portion of the lease and obtained a money judgment on April 19, 1923, for $3,360, with recognition of his lessor's lien and privilege on the furniture and effects provisionally seized.

On March 19, 1923, Burglass sued Mrs. Villere for $1,667, the balance due on furniture which he had sold to her and which she had placed in the leased premises, where it was seized by Loyacano under his lessor's lien, in the above referred to suit. Mrs. Villere confessed judgment in favor of Burglass and judgment was entered in his favor for the amount claimed on March 19, 1923. Burglass then had issued a writ of fieri facias against Mrs. Villere and seized the right of occupancy of the premises No. 1320 Canal street, which he alleged was vested in her, and the civil sheriff advertised that the sale would take place on June 19, 1923. On June 16, 1923, Loyacano filed a petition of intervention in the case of Burglass v. Villere, alleging that he, as lessor, had the right of occupancy of the premises and not the lessee because the lease had been dissolved, and praying that Burglass and the civil sheriff be restrained from proceeding further under the writ of fieri facias and selling the right of occupancy. On the same day the court granted a preliminary writ of injunction and the right was never sold.

On June 29, 1923, Burglass answered the petition of intervention of Loyacano, denying the allegations thereof, and in reconvention asked that the court assess 20 per cent. of the amount of his judgment of $1,667, as damages, together with 8 per cent. interest thereon, upon the dissolution of the writ of injunction.

On June 7, 1923, Loyacano filed a suit against Mrs. Villere and Burglass seeking the annulment and cancellation of the lease on the ground that the tenant had defaulted in the payment of the rent and that the landlord was entitled to the right of cancellation of the lease and the occupancy of the premises, because "the lease provides that should the lessee violate any of the conditions of the said lease the lessor reserved to himself the right of cancelling it, the lessee expressly waiving any notice to vacate the premises, and without being put in default."

The defendant, Burglass, filed a plea of estoppel on the ground that plaintiff, Loyacano, having previously obtained judgment for the unexpired term or portion of the lease, and thereafter, under a writ of fieri facias, having seized and sold the effects and furniture belonging to the lessee in the premises, was thereby estopped from seeking the cancellation of the lease. Burglass also filed an exception of no right or cause of action. The trial judge sustained the exceptions of estoppel and no right or cause of action and plaintiff, Loyacano, appealed devolutively to this court. We sustained the ruling of the trial court on February 28, 1927, holding (syllabus): "When a landlord, having secured judgment against tenant and surety on lease for rent during unexpired term, seizes and sells under fi. fa. the furniture, but not the right of occupancy, which is then seized by another judgment creditor of the tenant, he cannot then sue to cancel lease, because all his rights are crystallized in the judgment." Loyacano v. Villere and Burglass, 6 La. App. 37.

Loyacano then applied to the Supreme Court for a writ of certiorari which was refused on April 26, 1927.

On December 27, 1927, Burglass filed a supplemental answer and reconventional demand to the petition of Loyacano for the writ of injunction, alleging in substance that, as a result of Burglass being restrained from selling the right of occupancy to the premises, Loyacano illegally took possession thereof and rented them for $150 per month for the unexpired term of the lease, or a period of fifteen months, and therefore Burglass was entitled to actual damages sustained as a result of the illegal issuance of the injunction and that those damages amounted to $1,667. with legal interest from March 19, 1923, and all costs of court, being the full value of his judgment against Mrs. Villere.

On March 29, 1928, Loyacano filed a plea of prescription of one year to Burglass's claims in reconvention and also filed an exception of no right or cause of action thereto. On May 18, 1928, the trial judge dissolved the writ of injunction, but sustained the plea of prescription of one year to Burglass's reconventional demands for damages. Burglass appealed from the judgment and this court, on December 16, 1929, reversed the judgment of the lower court awarding 20 per cent. statutory damages, but sustained the plea of prescription as to actual damages (14 La. App. 314, 125 So. 144). A writ of certiorari was granted by the Supreme Court and on June 2, 1930, that court reversed the decisions of the trial court and this court, overruling the plea of prescription in toto, and ordered the case remanded to the civil district court "for trial of the reconventional demand of Abraham Burglass for damages, in his supplemental answer, as well as in his original answer to the petition of Anthony P. Loyacano for an injunction" (170 La. 805, 129 So. 209, 212).

When the case was called for trial in the district court, counsel for Loyacano attempted to argue certain points under the excep-

tion of no right or cause of action filed to Burglass's reconventional demands, but counsel for Burglass objected on the ground that Loyacano had failed to appeal from the judgment dissolving the injunction on May 14, 1928, and hence all other issues passed out of the case, except the plea of prescription, which was finally overruled by the Supreme Court, which remanded the case solely for the purpose of receiving evidence as to the quantum of damages.

On April 22, 1932, the trial judge rendered judgment in favor of Burglass for statutory damages amounting to $333.40, or 20 per cent. of $1,667, with legal interest thereon from judicial demand until paid and costs, and also a judgment against the surety on the bond in the sum of $250, which amount was to be considered included in the larger amount of $333.40. Burglass appealed from the judgment in so far as it did not allow the amount of his claim in excess of $333.40. Loyacano did not appeal and has not answered the appeal.

■ As a result of the failure of Loyacano to appeal from the judgment dissolving the writ of injunction, and also by virtue of the language of the decree of the Supreme Court remanding the case to be heard with reference to the reconventional demand for damages, counsel for Burglass contend that the issue is now limited to a consideration of the extent or quantum of actual damages, and they, therefore, objected to counsel for Loyacano arguing the issues raised by the exception of no right or cause of action, citing Hoey v. N. O. Great Northern R. Co., 164 La. 112, 113 So. 785; Id., 159 La. 258, 105 So. 310, 47 A. L. R. 832; Succession of Derigny, 156 La. 142, 100 So. 251; Boisse v. Dickson, 32 La. Ann. 1150; Succession of Popp, 148 La. 663, 87 So. 508.

Counsel for Loyacano retaliate by saying that they should be heard on their exceptions because the issues raised by the exception of no right or cause of action had not been passed upon by the lower court and the appellate courts in the proceeding where the previous appeals were taken, and that the language of the decree of the Supreme Court in remanding the case does not limit the defense to a question of the amount of damages.

It appears to us that Loyacano's failure to appeal from the judgment dissolving the injunction and, by that means, having the issues raised by the exception of no right or cause of action decided, is fatal to his right to insist upon having them passed upon by us at this time. See authorities, supra. But, if we are mistaken in this view, and in order to finally end the controversy due to the fact that this litigation has extended over such a long period of time, we shall also decide the issues presented by the exception of no right or cause of action.

■■ The first contention is that Loyacano, as lessor, had a right to re-enter the premises as against the lessee, Mrs. Villere, by virtue of a provision of the lease which reads as follows: "And should the lessee in any manner violate any of the conditions of this lease, the lessor hereby reserves to himself the right of canceling it, the lessee hereby expressly waiving any notice to vacate the premises previous to such cancellation and without being put in default."

In support of their position counsel cite two cases: Bernard v. Straub, 166 La. 204, 116 So. 852 and McLemore v. Abell, 12 La. App. 147, 125 So. 601.

The lease in the case of Bernard v. Straub contained the following clause: "Should the premises be vacated or abandoned by lessee because of ejectment for breach hereof, or otherwise, or should the lessee begin to remove personal property or goods to the prejudice of the lessor's lien, then the rent for the unexpired term, with attorney's fees, shall at once become due and exigible, and lessor, at his option, has the right to cancel the lease, or re-enter and let said premises for such price and on such terms as may be immediately obtainable and apply the net amount realized to the payment of the rent."

From a reading of the case it will be seen that under that particular form of lease, even though the lessor sued for and obtained a judgment for the rent for the unexpired portion of the lease, the lessor still retained the right to re-enter and to let the premises for such price as he might obtain and apply the net amount realized to the payment of the rent, the lessee being without any right to insist upon remaining in the premises. As the lessee could not resist the lessor's right to re-enter the premises, the lessee's judgment creditor, who seized the lessee's rights, obtained no greater right than the lessee had as against the lessor. The lessor had the right to re-enter as against the lessee and, therefore, he had the same right as against the judgment creditor who had seized the lessee's rights.

We are of the opinion that the pertinent language in the lease in the instant case above quoted cannot be said to be similar or analogous to, or confer the same rights as, the above quoted provision of the lease in the case of Bernard v. Straub, supra. In the present case Loyacano, after obtaining a judgment against Mrs. Villere for the unexpired term of the lease, lost his right to cancel the lease and re-enter the premises. The right of occupancy being in Mrs. Villere, Burglass, as her judgment creditor, had a right to seize it under the writ of fieri facias and have it sold. This identical point was pre-

sented to this court in the case of Loyacano v. Villere and Burglass, 6 La. App. 37, and decided adversely to Loyacano. See, also, Rose Mercantile Co. v. Stearns, 154 La. 946, 98 So. 429, and Succession of Romero, 137 La. 251, 68 So. 433.

The decision of the Supreme Court in Bernard v. Straub, supra, in no way conflicts with the earlier decisions of that court. The case was decided upon a particular provision in the lease which is not present in the instant lease, or in the leases previously passed upon by the Supreme Court.

We do not find the case of McLemore v. Abell et al., supra, in point, because the lessor had not obtained a judgment against his tenant covering rent for the unexpired term of the lease.

It is our opinion that the first contention is without merit.

■ Counsel for Loyacano next argue that, as Burglass is seeking to recover the rent received by Loyacano from the new tenant from April, 1923, through September, 1924, he is not entitled to that money because, if he suffered any damages, the proper measure is the amount that the right of occupancy would have brought at a sheriff's sale. This argument is based upon a false hypothesis because Burglass is not claiming the amount of rent Loyacano collected from the new tenant, but the damages that he suffered as a result of Loyacano having restrained him from selling the right of occupancy. How much the right of occupancy would have brought at public sale is a matter which it is impossible to determine, but we need not concern ourselves with that problem because it was the action of Loyacano that prevented the sale and, certainly, he cannot be heard to say now that the plaintiff, Burglass, should have been re-

quired, or should now be compelled to do an impossible thing; that is, prove the amount that the right of occupancy would have brought at public sale. We do know, as it is conceded, that the right of occupancy for the unexpired term of the lease was granted by Loyacano to a new tenant for $150 and aggregated the sum of $1,800. This, in our opinion, represents the value of the right which Burglass seized and was illegally deprived of by Loyacano's actions.

It is next argued that the attorney's fee for $150 claimed for the dissolution of the injunction should not be allowed because the ground on which the injunction was finally dissolved was the result of trying another case on its merits, involving the identical issue. This appears to be a correct statement of the law and, in fact, it is conceded by counsel for Burglass.

Finally, it is pointed out that, if actual damages are allowed Burglass, the court has the discretion to assess statutory damages under article 304 of the Code of Practice. This point is likewise conceded by the opposition and we see no reason to grant Mr. Burglass any more than the actual damages he sustained.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment of the trial court be amended by increasing the amount awarded the plaintiff, Abraham Burglass, from the sum of $333.40 to the sum of $1,667, with legal interest thereon from March 19, 1923, until paid; the judgment against Jones T. Prowell, surety on the intervener's injunction bond, for $250, being included in the above sum of $1,667 and not in addition thereto. In all other respects the judgment is affirmed, the costs of both courts to be paid by Anthony P. Loyacano, intervener.

Amended and affirmed.