McBRIDE, Judge.
Plaintiff caused to be seized on execution of a moneyed judgment against Hollis Thompson certain items of household furniture and fixtures found in the residence of Evelyn Johnson, divorced wife of Frank Thompson; as Hollis Thompson also lived there, plaintiff labored under the belief that Evelyn and Hollis were married and that the contents of the premises belonged to the community which he thought existed between them. There is a conflict in the evidence as to whether Hollis and Evelyn held themselves out as being man and wife and whether plaintiff was aware of the fact that they were not married, but those points need not be resolved in view of our conclusion. At a subsequent date under fieri facias issued on the same judgment, plaintiff had garnishment proceedings issued against the wages of Evelyn, persisting in his thought that she was the wife of Hollis Thompson. This garnishment was issued after Evelyn, in her attempt to have her furniture released from seizure, had filed an affidavit with the Constable setting forth that she was the divorced wife of Frank Thompson, was not the wife of Hollis Thompson, and owned the seized effects. Evelyn Johnson Thompson was forced to resort to an intervention and obtain a judgment in order to effect the release from seizure of the household furniture and dissolve the garnishment. She was awarded $450 damages, and from that part of the judgment plaintiff has appealed. The appeal has been answered by Evelyn Johnson Thompson who prays for a substantial increase in the amount.
The household effects were removed from Evelyn’s home and were under seizure for a period of some five months, and, of course, there can be no question that Evelyn Johnson Thompson was inconvenienced by virtue of such wrongful seizure which was maintained in force when plaintiff furnished an indemnity bond upon Evelyn’s submitting her affidavit of third party ownership. In spite of the affidavit plaintiff was bold enough to have the garnishment proceed *65 ings issued, and in doing so he took a calculated risk. However, we are satisfied he acted without malice.
The seizure of one’s property in execution of a judgment against another is trespass. Every act of man that causes damage to another obliges him by whose fault it happened to repair it, and this principle applies to the wrongful levy of an execution. Hernandez v. Harson, 237 La. 389, 111 So.2d 320; Bailey v. Williams, 158 La. 432, 104 So. 197; Soniat v. Whitmer, on rehearing, 141 La. 241, 74 So. 918; Gilkerson-Sloss Commission Co. v. Yale, 47 La.Ann. 690, 17 So. 244; Durbridge v. Wentzel, 17 La.Ann. 20; Personal Finance, Inc. v. Simms, La.App., 148 So.2d 176; Kessler v. Dugar, La.App., 144 So.2d 733; Williams v. Credit Service Corporation, La.App., 113 So.2d 319; Giangrosso v. Bernard, 13 La.App. 488, 127 So. 418; Pressner v. White Brothers Company, 7 La.App. 603.
Under the above authorities the victim of a wrongful seizure is entitled to recover' damages from the seizing creditor. In awarding the intervenor $450, the lower court undoubtedly considered and analyzed all aspects of the case. In view of the small value of the effects seized and the circumstances existing, the amount awarded by our learned brother below does substantial justice in the case and will adequately compensate Evelyn for her humiliation, deprivation of use of the property and injured feelings and also pay the fee of her attorney, and we are disinclined to either increase or decrease the amount.
Plaintiff cites Sims v. Matassa, La.App., 200 So. 666, in support of his argument that whereas the parties lived together as man and wife, he had reasonable grounds to believe that a community existed between them and he is not liable in damages for wrongful seizure in the absence of malice. However, the facts in the cited case were that the furniture was not taken out of the house by the Constable and the court remarked that the owner was not deprived of the use and possession thereof, and, therefore, was not entitled to damages for humiliation and mental pain and annoyance; however, a reasonable attorney’s fee was allowed. In the instant case, there was a physical taking and removal of the furniture by the Constable.
For these reasons, the judgment appealed from is affirmed.
Affirmed.