DOUCET, Judge.
This is a suit for damages for wrongful seizure of an automobile from the judgment creditor. The plaintiff appeals from a judgment denying damages.
The facts are not disputed. On February 5, 1979, Emily Savant, the mother of the plaintiff, bought a 1978 Mercury Zephyr automobile. The vehicle was financed through Ford Motor Credit Company. In 1980, the plaintiff, Carl Wayne LeBlanc, agreed to buy the car from his mother, Emily Savant. However, due to his youth and lack of previous credit, LeBlanc was unable to finance the vehicle in his own name. Consequently, Emily Savant refinanced the vehicle through Breaux Bridge Bank & Trust Co. Although the vehicle remained in Mrs. Savant’s name, all payments were made by LeBlanc. The vehicle was to be transferred into LeBlanc’s name as soon as all the payments were made.
In July 1982, prior to the payout of the car note, Emily Savant borrowed $1,045.00 from Acadian Credit Plan, executing a promissory note in that amount. Mrs. Savant listed the 1978 Zephyr as one of her assets on the loan application. Mrs. Savant did not make a single payment on that loan. Acadian filed suit against her. Default judgment was rendered on January 7,1983. On January 14, 1983, a writ of fieri facias issued at Acadian’s request directing the Sheriff of St. Martin Parish to seize the vehicle. On February 4, 1983, Deputy Sheriff Jeanelle Landry verified that the title to the vehicle was in the name of Emily Savant. Having done this, she sent Deputy Ricky Melancon to seize the vehicle. Mrs. Savant informed Deputy Me-lancon that the title to the car had been transferred to her son that day by an act of donation. Title to the car was again checked, and again revealed that the car was in the name of Emily Savant. Deputy Melancon was again ordered to execute the writ of seizure on February 4, 1983. Although the notice of seizure was served on Mrs. Savant on that date, the vehicle was not seized until five days later, on Febru *193 ary 9, 1983. It was sold by the Sheriff on March 23, 1983. Acadian bought the vehicle for $975.00.
The testimony reveals that on February 4, 1983, Mrs. Savant and LeBlanc’s wife executed an act of donation, transferring the vehicle to LeBlanc. His wife signed his name with her husband’s permission and allegedly at the direction of the notary. A Louisiana Certificate of Title was issued in the name of Carl Wayne LeBlanc on February 7, 1983.
The issues before this court on appeal are:
1) Whether the vehicle was seized prematurely;
2) Whether the vehicle was wrongfully seized; and
3) Whether Acadian Credit Plan is liable for damages for wrongful seizure; and
4) Whether LeBlanc was contributorily negligent in the wrongful seizure.
PREMATURE SEIZURE
La.C.C.P. art. 2252 provides that:
A judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed.
LeBlanc argues that the writ of fieri facias in this case was prematurely issued since it was issued only seven days after the rendition of judgment. However in this case, the irregularity was corrected and waived by Mrs. Savant’s failure to perfect a sus-pensive appeal. Associates Financial Service Co. v. Hillebrandt, 250 So.2d 75 (La. App. 3rd Cir.1971).
SEIZURE
We agree with the trial court’s finding that a wrongful seizure occurred. On February 9th, the date of seizure, a search of the records would have revealed that title to the vehicle had transferred to Carl Wayne LeBlanc. No search was made and the vehicle belonging to LeBlanc was seized to satisfy the judgment rendered against his mother.
In Louisiana law, there is no statutory provision for damages for wrongful seizure under a writ of fieri facias. However, in Brunet v. Thompson, 166 So.2d 63 (La.App. 4th Cir.1964) the court held as follows:
“The seizure of one’s property in execution of a judgment against another is trespass. Every act of man that causes damage to another obliges him by whose fault it happened to repair it, and this principle applies to the wrongful levy of an execution. Hernandez v. Harson, 237 La. 389, 111 So.2d 320; Bailey v. Williams, 158 La. 432, 104 So. 197; Soniat v. Whitmer, on rehearing, 141 La. 241, 74 So. 918; Gilkerson-Sloss Commission Co. v. Yale, 47 La.Ann. 690, 17 So. 244; Durbridge v. Wentzel, 17 La. Ann. 20; Personal Finance, Inc. v. Simms, La.App., 148 So.2d 176; Kessler v. Dugar, La.App., 144 So.2d 733; Williams v. Credit Service Corporation, La.App., 113 So.2d 319; Giangrosso v. Bernard, 13 La.App. 488, 127 So. 418; Pressner v. White Brothers Company, 7 La.App. 603.”
See also: Haas v. Buck, 162 So. 181 (La.1935). Therefore, damages for wrongful seizure may be granted under the provisions of La.C.C. art. 2315. The jurisprudence of this state has established the following standard:
“For a plaintiff to recover in Louisiana for damages, the damages must have been caused by the “fault” of another. There must be a duty owed by the defendant, or by someone for whom the defendant is answerable, to the plaintiff; a breach of this duty; and this duty must be the cause-in-fact of the damages suffered by the plaintiff. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); Ferdinand F. Stone, Tort Doctrine, 12 Louisiana Civil Law Treatise § 270 (1977).
“Fault” as used in Article 2315 encompasses more than negligence. It is the breach of a duty owed by one party to another under particular facts and cir *194 cumstances of a given case. United States Fidelity & Guaranty Co. v. State, Through Department of Highways, 339 So.2d 780 (La.1976). “Fault” is a broad concept embracing all conduct falling below a proper standard. Kahoe v. State Farm Mutual Automobile Insurance Co., 349 So.2d 1345 (La.App. 1 Cir.1977), writ denied, 350 So.2d 1212 (1977).”
Williams v. Louisiana Machinery Co., Inc., 387 So.2d 8 (La.App. 3rd Cir.1980).
In this case, the plaintiff has not established “fault” on the part of Acadian. We find no breach on the part of Acadian of any duty owed to the plaintiff. The record reveals that Acadian took all steps within its power to assure that they were executing on property belonging to their judgment debtor, Mrs. Savant. The vehicle was listed on the loan application as an asset of Mrs. Savant. Before asking for the issuance of a writ of fieri facias, Acadi-an verified that the title to the vehicle was in the name of Mrs. Savant. Acadian was given no notice that ownership of the vehicle had been transferred to LeBlanc on February 4, 1983.
We agree with the trial court that “There was nothing Acadian could do to stop the seizure of the vehicle when notice that ownership of the car had been transferred until after the seizure was effected”. Consequently, we find Acadian to be free of negligence in the seizure of the vehicle. Therefore, LeBlanc is not entitled to an award of damages from Acadian. Inasmuch as he was claiming to be the owner of the property seized, LeBlanc could have demanded an indemnity bond for the protection of the sheriff for damages occasioned by the seizure, as provided by R.S. 13:3869, or he could have filed suit against the sheriff for the wrongful seizure. Having done neither, he is now without remedy for whatever damages he may have sustained.
Accordingly, we affirm the judgment of the trial court dismissing the suit against Acadian Credit Plan. Costs of this appeal are assessed against Carl Wayne LeBlanc.
AFFIRMED.